491 P.2d 31

Joseph M. JENNERS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Western Model Distributors, Respond- ent Employer,

State Compensation Fund, Respond- ent Carrier.

No. 1 CA–IC 527.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 8, 1971.

Rehearing Denied Jan. 5, 1972.

Review Denied March 7, 1972.

Gorey & Ely by Joseph M. Bettini, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, Robert K. Park, Chief Counsel State Compensation Fund by R. Kent Klein, Phoenix, for respondents State Compensation Fund and Western Model Distributors.

EUBANK, Judge.

This case is before the Court on our writ of certiorari to review the lawfulness of an award of The Industrial Commission.

Petitioner was injured in an industrial accident on October 2, 1967, when he sustained a soft tissue type injury to his lower back. His claim was filed and accepted for benefits. On August 1, 1968, a group consultation was held and they reported that his condition was stationary and that the injury had resulted in no residual or functional impairment. Findings and award for temporary disability was entered by the Commission on September 12, 1968,

granting benefits until August 19, 1968. Petitioner timely filed a petition for a hearing, which was held on March 12, 1969. At the hearing no additional medical evidence was presented by the petitioner. The hearing officer stated in his report that on the record he would be justified in affirming the prior award, but at petitioner's request he scheduled an additional investigative consultation. Thereafter a number of other "consultations" were held, until August 26, 1969, when the hearing officer issued his report recommending that the Commission enter the previous award. The Commission followed his recommendation on October 22, 1969.

Petitioner then filed a petition for a further hearing and for the first time retained an attorney to represent him before the Commission. On January 26, 1970, the hearing officer sent out notices to all parties advising that the additional hearing was set for May 5, 1970, four months later. At the hearing on May 5, 1970, petitioner filed an affidavit of bias and prejudice against the hearing officer, which was denied as untimely. Then, petitioner filed a motion for a continuance. This motion was also denied as untimely. A number of medical reports were offered into evidence by petitioner and these were accepted. In addition, petitioner testified on his own behalf. No medical witnesses were subpoenaed by petitioner, and consequently no further medical evidence was presented. Subsequently, the hearing officer issued his report recommending that the Commission enter its decision affirming the prior award, which it did. This review followed.

Petitioner complains that a number of procedural errors were made by the hearing officer which effectively denied petitioner a fair adjudication of his claim. They are: (1) the failure of the hearing officer to honor petitioner's affidavit of bias and prejudice; (2) the failure of the hearing officer to afford petitioner the right to cross-examine medical doctors; (3) the failure of the hearing officer to grant petitioner's motion for a continuance

of the hearing; and (4) the award was defective in that it was not signed by the Commissioners and therefore void.

At the commencement of the May 5, 1970 hearing, the petitioner filed an affidavit of bias and prejudice which stated that, " * * * he has cause to believe and does believe that on account of the bias, prejudice or interest of the Referee assigned to this case * * * he cannot obtain a fair and impartial hearing." No specific ground for the claimed bias was offered by the petitioner. The hearing officer denied the petition on the basis that it was untimely filed as required by A.R.S. § 23–941 subsec. I. Petitioner correctly points out that A.R.S. § 23–941, subsec. I is not applicable to this question because A.R.S. § 23–1270 requires that all claims for compensation arising prior to January 1, 1969, be settled under the law applicable at the time of the claim, and A.R.S. § 23–941, subsec. I did not become a part of the compensation law until January 1, 1969, while the injury occurred and the claim was filed in 1967.

Petitioner contends that A.R.S. § 12–409, which deals with changing a judge in the superior court, is applicable to the administrative hearing officer and that his affidavit, in the form presented, would require the hearing officer to automatically disqualify himself and obtain a new hearing officer to conduct the hearing. Petitioner also contends that by virtue of custom and practice the Commission has sanctioned the application of A.R.S. § 12–409 in all Industrial Commission cases. Outside of this assertion, however, the record contains no evidence of such a custom or practice on the part of the Commission. Our examination of A.R.S. § 12–409 reveals the perfectly clear intention of the legislature to confine the direct application of the statute to obtaining an automatic change of a judge in the superior court and there is nothing in it that relates to administrative hearings. Petitioner cites no case law, statute, or other authority which would give it any other effect; nor have we located any such authority.

In our opinion A.R.S. § 12–409 is not applicable to the question of bias and prejudice in the case at bar. However, we are not saying that an administrative hearing officer can never be disqualified for actual bias and prejudice. Procedural due process requires a fair hearing and a fair hearing officer. Our Supreme Court discussed the bias problem in Ison v. Western Vegetable Distributors, 48 Ariz. 104, 59 P.2d 649 (1936). One of the contentions made in Ison was that a basic conflict of interest arose from The Industrial Commission's duty to award compensation and to care for and preserve the State Compensation Fund, which precluded the petitioner from having a hearing before a fair and impartial tribunal and, therefore, violated the Fourteenth Amendment of the Constitution of the United States. Our Supreme Court rejected the contention and said:

"It is, of course, generally true that officers acting in a judicial or *quasi*-judicial capacity are disqualified by their interest in a controversy to be decided from sitting therein. Tumey v. Ohio, *supra*. [273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749, 50 A.L.R. 1243 (1927)] But it is frequently a close question as to what the degree or nature of the interest which would disqualify a judge must be. It is not always that the question of judicial qualification involves the constitutional validity of a law. For example, matters of relationship with the parties, or general state policy, are generally held to be questions of legislative discretion, not rendering a judge constitutionally incompetent to try a case. So far as we are aware, it is only when the judge has a direct, personal, substantial, pecuniary interest in reaching a conclusion against a litigant that it is held the due process provision of the Constitution is violated by permitting him to act, and even in such circumstances, if there is no other judge with jurisdiction to determine the question at issue, it is sometimes held that interest of the nature just referred to does not constitutionally disqualify a judge. Tumey v. Ohio, *supra*. In the present case, if the Industrial Commission may not hear and determine compensation cases, there is no tribunal authorized under the law of Arizona to do so, and the whole act is inoperative, and those claimants justly entitled to compensation will be unable to obtain it. We think this alone would be sufficient to cause us to determine that the act is not unconstitutional on the ground set up by petitioner." (48 Ariz. at 118, 59 P.2d at 656).

Although Ison deals with the administrative agency, its holding applies equally to that agency's hearing officers. *See also:* 2 Davis, Administrative Law Treatise, §§ 12.01–12.06 (1958); 73 C.J.S. Public Administrative Bodies and Procedures § 135, p. 461 (1951).

In the absence of an applicable statute, such as A.R.S. § 23–941, subsec. I, or an administrative rule, it is our opinion that an administrative hearing officer can only be disqualified upon a showing of actual bias, and not even then if, as indicated in Ison, no other hearing officer is available to give effect to the statute. The affidavit filed by the petitioner was inadequate in and of itself because it contained only a general allegation of bias, and since no statements were therein contained to support this allegation, the hearing officer was correct in denying the petition even though he may have done it for the wrong reason.

The further allegation made before this Court that actual bias is shown in the transcript is not supported by our reading of it.

Petitioner's next contention is that he was denied the right to cross-examine the medical doctors responsible for the medical reports contained in the file which the referee relied upon in determining his recommendation for the award. This contention is based upon petitioner's own failure to subpoena these medical witnesses

prior to the hearing date.[1] As we have pointed out before, it is petitioner's obligation to designate those medical experts that he desires to cross-examine at a hearing. We reject this contention for the reasons stated in our opinion, Abounader v. Industrial Commission, 12 Ariz.App. 535, 473 P.2d 460 (1970).

It is further contended that the denial of the continuance was error. In view of the timely notice of hearing and counsel's failure to act, the petitioner has shown no abuse of discretion on the part of the referee, and our review of the record reveals none. Thus, no error was committed.

Petitioner's final objection is that the award was unsigned and thus invalid. The award appears to have the stamped signatures of the Commissioners. The objection here is not well taken because there is evidence in the record that the decision was made by the Commissioners in that their signatures approving the report as submitted appear on the report submitted to them by the referee. *See,* Benites v. Industrial Commission, 105 Ariz. 517, 467 P.2d 911 (1970).

The award is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.

1. Petitioner was not represented by present counsel during these proceedings.