535 P.2d 1304

Estelle L. NORSWORTHY, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,
Executive Inn Motel, Inc., Respond-
ent Employer,
State Compensation Fund, Respond-
ent Carrier.

No. I CA–IC 1139.

Court of Appeals of Arizona,
Division 1,
Department C.

June 10, 1975.

Rehearing Denied July 16, 1975.
Review Denied Sept. 23, 1975.

Lawrence Ollason, Tucson, for petition-
er.

Greg L. Folger, Chief Counsel The In-
dustrial Commission of Arizona, Phoenix,
for respondent.

Robert K. Park, Chief Counsel State
Compensation Fund by George B. Morse,
Phoenix, for respondent employer and re-
spondent carrier.

## OPINION

STEVENS, Judge.

We are presented with the question of
whether The Industrial Commission may
treat a disability as a scheduled permanent
disability when the injured worker has a
prior industrial injury which is not yet sta-
tionary.

Estelle L. Norsworthy (petitioner) sus-
tained an industrial injury of an unsched-
uled type on 13 July 1967. This injury
was processed and litigated, including an
appeal to this Court, *see* Benson v. The In-
dustrial Commission of Arizona, 19 Ariz.
App. 214, 505 P.2d 1387 (1973).[1]  On 9
April 1970, the 1967 claim was reopened
and remains open at the present. Her con-
dition as a result of the 1967 injury is not
yet stationary. Thereafter she was em-
ployed by the present respondent employer
and on 27 January 1972, she sustained an
injury to her left leg arising out of and in
the course of her employment. She filed
her claim for compensation which was ac-
cepted on 3 March 1972. On 18 July 1973,
by notice of claim status, the respondent
carrier terminated temporary compensation
and medical benefits as of 1 June 1973,
and discharged petitioner with a 10% func-
tional loss of the left leg. After a request,
a hearing was held as a result of which the
hearing officer found petitioner's condition
to be stationary and found that petitioner
sustained a 10% functional loss· of the left
leg. This decision was affirmed upon re-
view and now the case is before us upon a
writ of certiorari.

The briefs and the oral arguments
presented a very interesting and challeng-
ing question. As far as we are able to as-
certain, it is one of first impression in Ari-
zona. We are undeniably disappointed to
find that we cannot answer the question.

1. The petitioner's name was Benson prior to her marriage.

**74**

The record, unfortunately, is devoid of any reference to this question at The Industrial Commission level.

Under A.R.S. § 23–941, any interested party may request a hearing concerning a claim. Rule 35(b) of the Rules of Procedure for Workmen's Compensation Hearings requires that "[a]ll Requests for Hearing shall set forth specifically the basis upon which the hearing is requested." Petitioner's request for hearing only urges that her leg is still giving her trouble. At the hearing, the medical testimony of Dr. Warren D. Eddy, M.D. only concerned the second injury and its permanent effects. During the time that the petitioner was testifying her counsel offered the most recent award from the first injury into evidence. Opposing counsel objected to any reference to the first injury as immaterial and the hearing officer sustained his objection. Neither the petitioner nor her counsel pursued the matter further. The petitioner did not present the hearing officer with any guidance as to why the first injury is important. The hearing officer's Decision Upon Hearing and Findings and Award for Scheduled Permanent Partial Disability deals only with the second injury and the hearing officer did not consider the question that was presented to us.

> "[T]he function of the Industrial Commission in making awards is judicial in its nature and is governed by the same general principles as the judgments of the courts. One of these principles is that every person is entitled to his day in court and the opportunity to present one's case fully and freely at least once before an impartial tribunal." International Metal Products Div. Of McGraw-Edison Co. v. Industrial Commission Of Arizona, 99 Ariz. 73, 77, 406 P.2d 838, 841 (1965).

The petitioner had her opportunity to present her present contentions to the hearing officer but she did not do so.

The award is affirmed.

NELSON, P. J., and WREN, J., concur.