559 P.2d 1070

**Margaret A. LARSON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Bonanza Commerce Center, Respondent Employer,**

**Western Casualty and Surety Company, Respondent Carrier.**

**No. 1 CA–IC 1449.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 30, 1976.

Rehearing Denied Jan. 12, 1977.

Review Denied Feb. 8, 1977.

Chris T. Johnson, P. C. by Dennis R. Kurth, Chris T. Johnson, P. C., Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. C. by Donald L. Cross, Phoenix, for respondent carrier.

## OPINION

FROEB, Judge.

This is a review of an award by the Industrial Commission which denied petitioner's claim for medical benefits and compensation. The hearing officer found that the evidence, considered in its entirety, did not establish that petitioner's injuries arose out of and in the course of her employment.

On January 3, 1974, petitioner, Margaret A. Larson, filed a claim for workmen's compensation benefits. She alleged that she sustained an injury to her lumbosacral spine and hip on December 11, 1973, while working as a waitress at Bonanza Commerce Center. The injury allegedly occurred when she reached for napkins on a high shelf. The carrier, Western Casualty and Surety Company, denied the claim by Notice of Claim Status dated January 29, 1974. On February 5, 1974, petitioner filed a protest and request for hearing. Hearings were held on June 21, 1974, August 5, 1974, and November 20, 1974. After these hearings were held and prior to a decision in the case, the hearing officer who heard the matter retired and the case was reassigned to another hearing officer for decision.

Three issues emerge in this case for our consideration. One, whether the reassignment without notice to another hearing officer, after the hearing, deprived petitioner of the right to challenge the deciding hearing officer by affidavit as provided by A.R.S. § 23–941. Two, whether the due process right to a fair and impartial hearing was violated where the deciding hearing officer did not hear the evidence. Three, whether denial of petitioner's claim by the Commission was erroneous and not supported by any substantial evidence.

■ As to the first issue, appellant urges that our workmen's compensation statutes confer a right to change hearing officers when a reassignment occurs after hearings have been held. Appellant relies upon A.R.S. § 23–941(I), which reads:

Within thirty days after the date of notice of hearing any interested party to a hearing before the commission may file an affidavit for change of hearing officer against any hearing officer of the commission hearing such matters, or commencing to hear such matter, setting forth any of the grounds as provided in subsection J of this section, and the hearing officer shall immediately transfer the matter to another officer of the commission who shall preside therein. Not more than one change of hearing officer shall be granted to any one party.

By its express terms, A.R.S. § 23–941 applies only to the 30-day period following a notice of hearing. It does not therefore apply to a case where a hearing officer is assigned after the hearing but prior to the award. Nevertheless, A.R.S. § 23–941(I) is not the exclusive means available to challenge an administrative hearing officer. We have held that, wholly apart from statute or rule, an administrative hearing officer may be disqualified by a showing of actual bias and prejudice. *Jenners v. Industrial Commission*, 16 Ariz.App. 81, 491 P.2d 31 (1971). See also 2 K. Davis, *Administrative Law Treatise*, §§ 12.01–12.06 (1958). As this is the case, we turn to the record to determine if petitioner was denied procedural due process when the Commission failed to give her an opportunity to challenge the new hearing officer for cause.

■ It is undisputed that petitioner first received notice that the case had been transferred to a different hearing officer for decision when she received the decision itself. However, under A.R.S. § 23–942, she had the right to and did request a review of the Commission decision. A re-

quest for review is, of course, a necessary predicate to review by this court. See A.R.S. §§ 23–942 and 23–943. Petitioner failed, however, to raise in her request for review, the issue concerning the denial of her right to challenge the hearing officer for cause. We think, on well-settled principles of administrative review, that this omission now precludes review of the question for the first time in this court.

We will not consider on review an issue not raised before the Industrial Commission where the petitioner has had an opportunity to do so. *Norsworthy v. Industrial Commission*, 24 Ariz.App. 73, 535 P.2d 1304 (1975). The rule stems from the requirement that administrative remedies be exhausted before court relief is sought. It is based upon the assumption, as stated in *Ross v. Industrial Commission*, 82 Ariz. 9, 11–12, 307 P.2d 612, 614 (1957), that the "administrative agency, if given a complete chance to pass upon the matter, will decide correctly."

Petitioner next contends that her due process right to a fair and impartial hearing was violated when the decision was rendered by a hearing officer who did not actually hear the testimony. Although petitioner cites authority from other jurisdictions to support her assertion, we perceive little merit in the contention. It appears that the majority of jurisdictions presented with this question have rejected it. See e. g., *Cooper v. State Bd. of Medical Examiners of Dept. of Professional and Vocational Standards of Calif.*, 35 Cal.2d 242, 217 P.2d 630 (1950); Annot. 18 A.L.R. 2d 606, 613 (1951). Additionally, certain Arizona cases suggest that it is not necessary to the validity of an administrative proceeding that the decision-maker hear the evidence. *King v. Alabam's Freight Co.*, 38 Ariz. 205, 298 P. 634 (1931); see, *Johnson v. T. B. Stewart Constr. Co.*, 37 Ariz. 250, 293 P. 20 (1930). The question, however, was not presented to the Industrial Commission and therefore we will not consider it for the first time here. *Norsworthy v. Industrial Commission*, supra; *Ross v. Industrial Commission*, supra.

The final issue is whether there is sufficient evidence to support the hearing officer's decision. Petitioner maintains that the award can be sustained only if the hearing officer completely ignored the direct testimony of several witnesses. We disagree. Our review of the record indicates that substantial evidence exists to support the hearing officer's decision that petitioner's injury did not arise out of and in the course of her employment. Moreover, if the hearing officer disregarded petitioner's contradicted testimony, there was no substantial evidence to support an award in her favor.

Petitioner's own testimony had many inconsistencies. The only possible eyewitness to the accident, Harold Lloyd, gave a contradictory account of what he saw. The restaurant manager, Pat Dietz, testified that she checked with other employees when petitioner reported the accident but none were aware that it had occurred. This conflicts directly with petitioner's claim that she told Harold Lloyd about the accident immediately after it happened. While petitioner's claim form stated that the accident occurred around 4:00 P.M. on December 11, she testified at the hearing that the accident occurred late in the evening. Both Margaret Larson and her husband, Carl, indicated they consulted Dr. Daniel Meredith in December, 1973, following the accident. Subsequent examination of Dr. Meredith's secretary and Dr. Meredith's records revealed that there was no record of such a visit to his office.

There were also contradictions in the medical testimony. Dr. Buford Gregory, one of the treating physicians, stated that the history he obtained from petitioner was that she had fallen. There is also an indication that Dr. William Luke, another treating physician, obtained the same history, although later in his testimony he denied it. Both doctors said that petitioner's complaints were out of proportion to the claimed injury. Dr. Luke stated that her

symptoms would be more consistent with a fall than a reaching injury.

Finally, petitioner's husband testified that petitioner had been injured while at work on December 11, 1973, but his prior inconsistent statement to the contrary was received in evidence. In this statement, given earlier to Charles Minter, manager of the Bonanza Commerce Center, Larson stated that petitioner had fallen in a bathtub at home on December 13, 1973, and later decided to claim the injury as job-related. Larson testified at the hearing that his prior statement was wrong and was given to the carrier out of spite for his wife during a time when the Larsons were having marital difficulties.

The burden is upon the claimant to prove her claim by a reasonable preponderance of the evidence. *Cain v. Industrial Commission*, 87 Ariz. 40, 347 P.2d 699 (1959). Cf. *In re Estate of Bedwell*, 104 Ariz. 443, 454 P.2d 985 (1969). Suspicious and contradicting evidence may be disregarded by the hearing officer. *Williams v. Williams Insulation Materials, Inc.*, 91 Ariz. 89, 370 P.2d 59 (1962). The hearing officer weighed the evidence with this in mind and found that petitioner's evidence did not establish that she suffered a compensable injury by accident on or about December 11, 1973. After reading the record, we find the hearing officer was justified in reaching this conclusion and the award is therefore affirmed.

HAIRE, Chief Judge, Division One, and JACOBSON, J., concurring.