580 P.2d 339

**The STATE of Arizona, Appellee,**

v.

**Ronald PARRA, Appellant.**

**No. 4164.**

Supreme Court of Arizona, In Banc.

June 5, 1978.

Andy Baumert, Phoenix City Atty. by James R. Scorza, Asst. City Atty., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by William H. Stine, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

This is an appeal from the Superior Court of Maricopa County which affirmed a judgment of the Phoenix City Court. We have jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

We must answer only one question on appeal: Does A.R.S. § 28–446(A)(8), which authorizes the ex parte, discretionary suspension of a driver's license for one previous conviction of driving while intoxicated, violate procedural due process guaranteed by the Fourteenth Amendment if the suspension occurred prior to a hearing?

The facts necessary for a determination of this matter are as follows. Defendant, Ronald Parra, entered a plea of guilty to the crime of driving while intoxicated, A.R.S. § 28–692, on 10 February 1977. Defendant's license was suspended for 6 months on 15 March 1977. Defendant timely requested a hearing on the suspension and a hearing date was set for 14 April 1977. On 9 April 1977, defendant was stopped and cited for driving with a sus-

pended license. Defendant was found guilty in the City of Phoenix Municipal Court on 21 June 1977. On appeal to the Superior Court, the judgment and sentence were affirmed and defendant appeals.

Defendant contends he is denied due process when his license is suspended prior to a hearing. The statute states:

"The department is authorized to suspend the license of an operator or chauffeur or to require any licensee to attend and successfully complete approved training * * upon a showing by the department's records or other sufficient evidence that the licensee:

* * * * * *

"8. Has been convicted of driving * * a motor vehicle while under the influence of intoxicating liquor * * * ." A.R.S. § 28–446(A)(8).

The statute also provides for a prompt administrative hearing after suspension. A.R.S. § 28–446(B).

Defendant stated in his brief:

"The above statute clearly authorizes the Motor Vehicle Department to make a choice between either of two alternatives: either suspend the license or order the licensee to attend specialized training. Presumably the Department has a third choice: it can do nothing at all. In any case the decision of the Motor Vehicle Department to suspend Parra's license is not mandated by law but subject to the whim of the acting official of the Motor Vehicle Department. Such an ex parte, discretionary seizure of a valuable entitlement before a hearing can be held is violative of Fourteenth Amendment due process. * * * "

We do not agree.

It is correct that the United States Supreme Court has stated that the due process clause of the United States Constitution applies to the deprivation of a driver's license by the state. *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). The question presented here is whether due process requires a hearing prior to the suspension or deprivation of a driver's license.

We believe that the United States Supreme Court case of *Dixon v. Love*, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977) is applicable and dispositive of this matter. In *Dixon* a truck driver in Illinois had his driver's license summarily revoked for repeated violations (and convictions) of traffic laws and ordinances. The Illinois statute provided for summary suspension with a full administrative hearing after suspension. A three-judge District Court of the Northern District of Illinois held the procedure unconstitutional and the United States Supreme Court reversed.

The Supreme Court of the United States in *Dixon* set down three questions which must be considered before a private interest may be taken without hearing.

First is the nature of the private interest involved. If the nature of that interest is great, then it requires a prior hearing. If the interest is not so great, then something less than an evidentiary hearing is sufficient "prior to adverse administrative action." *Mathews v. Eldridge*, 424 U.S. 319, 343, 96 S.Ct. 893, 907, 47 L.Ed.2d 18, 38 (1976). The court in *Dixon*, supra, held:

"The private interest affected by the decision here is the granted license to operate a motor vehicle. Unlike the social security recipients in *Eldridge*, who at least could obtain retroactive payments if their claims were subsequently sustained, a licensee is not made entirely whole if his suspension or revocation is later vacated. On the other hand, a driver's license may not be so vital and essential as are social insurance payments on which the recipient may depend for his very subsistence. * * * We therefore conclude that the nature of the private interest here is not so great as to require us 'to depart from the ordinary principle, established by our decisions, that something less than an evidentiary hearing is sufficient prior to adverse administrative action.' *Mathews v. Eldridge*, 424 U.S., at 343, 96 S.Ct., at 907. See *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974)." *Dixon v. Love*, supra, 431 U.S., at 113, 97 S.Ct., at 1728, 52 L.Ed.2d at 180.

In *Dixon*, supra, the court was dealing with a truck driver whose livelihood depended upon his license to drive. In the instant case, we are not dealing with a commercial or chauffeur's license, but a personal driver's license. This interest would appear to be less than the interest in *Dixon*, supra. We do not find that the private interest in the instant case is so great as to require a hearing prior to administrative action.

The second question that must be considered, according to *Dixon*, is whether the risk of an erroneous deprivation in the absence of a prior hearing is great. The United States Supreme Court stated regarding the suspension of the license in *Dixon* without a hearing:

"Moreover, the risk of an erroneous deprivation in the absence of a prior hearing is not great. Under the Secretary's regulations, suspension and revocation decisions are largely automatic. Of course, there is the possibility of a clerical error, but written objection will bring a matter of that kind to the Secretary's attention. In this case appellee had the opportunity for a full judicial hearing in connection with each of the traffic convictions on which the Secretary's decision was based. Appellee has not challenged the validity of those convictions or the adequacy of his procedural rights at the time they were determined. * * * Since appellee does not dispute the factual basis for the Secretary's decision, he is really asserting the right to appear in person only to argue that the Secretary should show leniency and depart from his own regulations. (footnote omitted) Such an appearance might make the licensee feel that he has received more personal attention, but it would not serve to protect any substantive rights. We conclude that requiring additional procedures would be unlikely to have significant value in reducing the number of erroneous deprivations." 431 U.S. at 113–114, 97 S.Ct. at 1728, 52 L.Ed.2d at 180–181.

Our statute allows a prompt and meaningful hearing on the suspension of his license. A.R.S. § 28–446(B). As in *Dixon*, there is no question of the facts which formed the basis for the suspension since the defendant did in fact, plead guilty to driving while intoxicated. A requirement for a presuspension hearing in the instant case would not have significantly reduced the chance for an erroneous suspension. We find no error.

The third consideration stated in *Dixon* is whether or not a pretermination hearing in every case would impede the public interest of administrative efficiency as well as highway safety. We believe that it would. As to this the United States Supreme Court in *Dixon* stated:

> "Finally, the substantial public interest in administrative efficiency would be impeded by the availability of a pretermination hearing in every case. Giving licensees the choice thus automatically to obtain a delay in the effectiveness of a suspension or revocation would encourage drivers routinely to request full administrative hearings. See *Mathews v. Eldridge*, 424 U.S., at 347, 96 S.Ct., at 909. Far more substantial than the administrative burden, however, is the important public interest in safety on the roads and highways, and in the prompt removal of a safety hazard. See *Perez v. Campbell*, 402 U.S. 637, 657, 672, 91 S.Ct. 1704, 1715, 1722, 29 L.Ed.2d 233 (1971) (opinion concurring in part and dissenting in part). This factor fully distinguishes *Bell v. Burson, supra*, where the 'only purpose' of the Georgia statute there under consideration was 'to obtain security from which to pay any judgments against the licensee resulting from the accident.' 402 U.S., at 540, 91 S.Ct., at 1590. (footnote omitted) In contrast, the Illinois statute at issue in the instant case is designed to keep off the roads those drivers who are unable or unwilling to respect traffic rules and the safety of others.
>
> "We conclude that the public interests present under the circumstances of this case are sufficiently visible and weighty for the State to make its summary initial decision effective without a predecision administrative hearing." 431 U.S. at 114–115, 97 S.Ct. at 1728–1729, 52 L.Ed.2d at 181.

We find no error.

We have previously upheld the constitutionality of this statute. *State v. Birmingham*, 95 Ariz. 310, 390 P.2d 103 (1964). We find no state or federal constitutional infirmities to the law or the procedure followed in the instant case.

Affirmed.

STRUCKMEYER, V. C. J., and HOLOHAN and HAYS, JJ., concurring.

GORDON, Justice (specially concurring).

I agree with the result in this case but limit my concurrence to the facts herein. Certainly, the Department should have the power to suspend an operator's license, without a prior evidentiary hearing, when the driver has pled guilty to driving while intoxicated and has not appealed his conviction of that charge. However, it is not uncommon for a person accused of driving while intoxicated to enter a plea of guilty to the charge in the Justice of the Peace Court or Magistrate's Court and then exercise his right of appeal to the Superior Court in order to have his case tried by a lawyer-trained judge and an eight person jury rather than a non-lawyer trained judge and a six person jury. A.R.S. § 28–446A(8) makes no provision for such an occurrence and would apparently allow the Department to suspend the license of an operator or require his class attendance before a final adjudication of the driver's rights even though the appeal process might take six months or more.

I reserve my opinion as to the constitutionality of a prehearing exercise of departmental powers in such circumstances and, also, in cases where the suspension or class attendance requirement is invoked prior to a hearing for any other reason listed under A.R.S. § 28–446A.

I also feel that the distinction made in the majority opinion between a chauffeur's or commercial license and a plain operator's license may be meaningless in a case where

an individual's ability to hold a job is dependent upon his or her being able to drive an automobile under an operator's license. A thirty-day delay for a post-suspension hearing may not be sufficiently timely to avoid the loss of his employment.