660 P.2d 859

Juan **MARTIN, Jr., Assistant Director, Arizona Department of Transportation, Motor Vehicle Division, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, and The Honorable B. Michael Dann, judge thereof; and Frank Joseph YUE, Real Party in Interest, Respondents.**

No. 16244–SA.

Supreme Court of Arizona,
En Banc.

March 3, 1983.

Robert K. Corbin, Atty. Gen. by James L. Hohnbaum, Asst. Atty. Gen., Phoenix, for petitioner.

Minne & Sorenson by Roger J. Blake and Douglas LaSota, Phoenix, for respondent Yue.

HAYS, Justice.

Respondent Frank Yue's driver's license was suspended by order of the Department of Transportation, Motor Vehicle Division (MVD), pursuant to Arizona's implied consent law, A.R.S. § 28–691. On review, the superior court vacated that order and granted the Department the right to re-

quire respondent to appear for another hearing in accordance with the court's opinion. Petitioner has filed this Special Action urging reversal of the superior court's action. Considering the constitutional nature of the respondent court's ruling, the number per month of MVD hearings which are affected and the normal appellate time period which might be involved, we believe that a Special Action is appropriate. We have jurisdiction pursuant to 17A A.R.S. Special Actions, Rules of Proc., rule 8.

The implied consent law, A.R.S. § 28–691 et seq., provides that any person who operates a motor vehicle in this state is deemed to have given consent to certain chemical tests to determine the alcoholic content of his blood if arrested on a charge of driving while intoxicated. The arresting officer must inform the violator that a refusal to submit to the test will result in a suspension of his driver's license. A violator may make a written request for a hearing, the scope of which covers three issues: "whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while in this state while under the influence of intoxicating liquor, whether the person was placed under arrest, and whether he refused to submit to the test." A.R.S. § 28–691(E).

Yue was stopped by a police officer on January 15, 1981 in Tempe. He submitted to one of four field sobriety tests, which he failed, and refused to take any more. The officer then arrested Yue for driving under the influence of an intoxicating liquor. A struggle ensued, Yue was subdued and transported to the police station. The arresting officer advised respondent, as required, of the implied consent law. According to the officer's report, respondent refused to blow into the intoxilizer used to chemically test the alcohol in one's breath. The officer asked him several times if he was refusing to take the tests. Respondent remained silent, refusing to come out of his cell. The officer deemed respondent's silence a refusal. A report of this refusal was submitted to the Motor Vehicle Division pursuant to A.R.S. § 28–691(D) and

this agency suspended respondent's driver's license. The respondent requested a hearing pursuant to A.R.S. § 28–691(E).

A hearing was convened with the respondent, respondent's counsel, the arresting officer, and a hearing officer present. The arresting officer was examined by the hearing officer, then cross-examined by respondent's counsel. Counsel next examined his own client after which the hearing officer asked one question of the witness. The hearing officer found that the law enforcement officer had reasonable grounds to believe respondent was driving while under the influence, that respondent was placed under arrest, and that he did refuse to submit to the test. Accordingly, the agency affirmed the suspension of respondent's driver's license for a period of six months.

The respondent next sought judicial review of the agency action in the superior court pursuant to A.R.S. § 28–451. The superior court overturned the suspension on the grounds that a hearing procedure, wherein the hearing officer performs a prosecutorial function by examining the witness, violates respondent's right to a fair and meaningful hearing implicit in A.R.S. § 28–691(E) and § 28–446(B). The court held that the language of A.R.S. § 28–446(B) suggests that the examination of the witness be conducted by someone other than the hearing officer.

Petitioner contends that the superior court acted in an arbitrary and capricious manner and abused its discretion in ruling that the MVD procedures violate the right to a fair hearing. We agree.

Arizona Revised Statutes § 28–446(B), regarding hearings to revoke or suspend a driver's license, provides for the giving of notice, opportunity to present evidence, preparation of a record, representation by counsel if desired, and the issuance of subpoenas for the attendance of witnesses and the production of evidence. The scope of the hearing is very limited and the primary evidence is the arresting officer's report which is certified and subject to penalty for perjury. A.R.S. § 28–691(D). Review of

the agency decision is available pursuant to A.R.S. § 28–451 which rests jurisdiction in the superior court and provides for appeals to the Supreme Court. A.R.S. § 12–901 et seq.

We have held that while the due process clause of the United States Constitution applies to the deprivation of a driver's license by the state, the nature of the interest involved is not so great as to require a prior hearing. *State v. Parra,* 119 Ariz. 201, 580 P.2d 339 (1978). We have also held that A.R.S. § 28–446, prescribing license revocation suspension hearings, is not unconstitutional. *State v. Birmingham,* 95 Ariz. 310, 390 P.2d 103 (1964).

Respondent claims that the combination of adjudicative and prosecutorial functions by the hearing officer violates due process and that it is a denial of equal protection because other Arizona state agencies employ prosecutors at hearings to conduct the examination of witnesses.

Implied consent cases in other jurisdictions have withstood similar attacks on their constitutionality. In *Anderson v. Cozens,* 60 Cal.App.3d 130, 131 Cal.Rptr. 256 (1976), petitioner was arrested for driving under the influence of alcohol, refused to submit to a chemical test and consequently had his driver's license suspended for six months. At a subsequent hearing at his request, the suspension was affirmed. Petitioner appealed on the grounds that the DMV denied him due process of law because the hearing officer was neither a lawfully appointed judge nor an attorney at law, that he conducted examinations of witnesses and ruled on objections and objected to questions put by his counsel and acted as an "advocate" contrary to the interests of petitioner, and that the hearings were not conducted in the same manner as other state agencies, denying petitioner equal protection. The court rejected these arguments as unmeritorious.

"The reasonable and compelling purpose of having the hearings under the self-contained umbrella of the DMV—time-wise, cost-wise and otherwise—becomes evident when the death and injury rate resulting from drunk drivers is considered in conjunction with the over 16,-000,000 motor vehicles being operated on California highways and compared to the relatively miniscule number of licenses issued by other state agencies which do not involve the operation of instruments of death at high speeds on our highways." 131 Cal.Rptr. at 264.

A similar Colorado statute has also withstood constitutional attack. In *Stream v. Heckers,* 184 Colo. 149, 519 P.2d 336 (1974), the revocation of appellant's license was upheld after considering Stream's claim that the hearing examiner had assumed the role of prosecutor. The petitioner argued that, in the absence of a prosecutor, the hearing examiner took such an active role in the questioning of the witness that he lost his objectivity. The Colorado Supreme Court examined the record of the hearing, noted that petitioner was represented by counsel and found no indication that the hearing officer was not objective.

In *Withrow v. Larkin,* 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), a medical examining board was empowered to temporarily suspend a practicing physician's license at its own contested hearing on charges evolving from its own investigations. It was argued that the combination of investigative and adjudicative functions by an administrative board was a denial of procedural due process. In rejecting this contention, the Court said:

"Without a showing to the contrary, state administrators 'are assumed to be men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.' *United States v. Morgan,* 313 U.S. 409, 421, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941)."

421 U.S. at 55, 95 S.Ct. at 1468.

■ Administrative hearing officers in Arizona are also assumed to be fair and "can only be disqualified upon a showing of actual bias ..." *Jenners v. Industrial Commission,* 16 Ariz.App. 81, 83, 491 P.2d 31, 33 (1972).

The Arizona implied consent law has withstood several constitutional attacks based on different rationales. *See State v. Parra, supra; Murray v. Thorneycroft ex rel. Arizona Highway Dept. Motor Vehicle Division,* 131 Ariz. 156, 639 P.2d 346 (App. 1981) (suspension of license for refusal to take chemical test is not a denial of equal protection even though the department may order driver training without suspension for one convicted of driving while intoxicated); *Bilagody v. Thorneycroft,* 125 Ariz. 88, 607 P.2d 965 (App.1979) (due process does not require that the hearing be held at a location most convenient to indigent motorist nor does it require the state to finance his costs even though his indigency may prevent him from participating to same extent as a nonindigent).

■ The Arizona Legislature has determined that a speedy method of handling drunk drivers is imperative to combat the carnage on our highways. This legislative concern is evidenced by the recent enactment of the new drunk-driving law with its stiffer penalty, the unavailability of plea-bargaining in connection with a DWI charge and the per se illegality of driving with 0.10 percent blood alcohol. As in California, the number of license-revocation hearings in Arizona is great and likely to increase under this new law. To require the state to send prosecutors to each of these hearings imposes an impossible burden upon the state and is an unnecessary expense to taxpayers. There is nothing prejudicial about a hearing officer handling a non-criminal license-suspension hearing without a prosecutor present to move the case forward. Given the limited scope of the hearing, the adequacy of judicial review and the presence of the respondent's counsel, this combination of adjudicative and prosecutorial functions does not violate due process or equal protection. We have reviewed the record of the hearing and find that respondent received a fair and impartial hearing.

Respondent raises a second issue in his response to the Petition for Special Action not raised by petitioner. We decline to accept jurisdiction with regard to this issue. The Rules for Special Actions do not provide for a reply by the state and the question was not before the trial court.

The relief requested in the petition is granted.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.