NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CUTBERTO GUTIERREZ, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

CITY OF PHOENIX DBA CITY OF PHOENIX, *Respondent Employer*,

CITY OF PHOENIX, *Respondent Carrier*.

No. 1 CA-IC 24-0042

FILED 05-15-2025

Special Action - Industrial Commission
ICA Claim No. 20221640507
Carrier Claim No. 22G10K263381
The Honorable Paula R. Eaton, Administrative Law Judge

**AFFIRMED**

COUNSEL

Cutberto Gutierrez, Phoenix
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Lundmark, Barberich, La Mont & Puig, P.C., Phoenix
By R. Todd Lundmark, David T. Lundmark
*Counsel for Respondent Employer and Respondent Carrier*

---

**MEMORANDUM DECISION**

Judge Daniel J. Kiley delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge David D. Weinzweig joined.

---

**K I L E Y**, Judge:

¶1        Cutberto Gutierrez appeals an Industrial Commission of Arizona ("ICA") award affirming the closure of his claim. Because evidence supports the conclusion reached by the Administrative Law Judge ("ALJ"), we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the evidence in the light most favorable to affirming the award. *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 490-91, ¶ 2 (App. 2007) (citation omitted).

¶3        Gutierrez works for the City of Phoenix ("City") as a heavy-equipment operator. On May 3, 2022, Gutierrez twisted his right knee when he missed a step while climbing down from a loader. Experiencing "a lot of pain," Gutierrez filed a claim for workers' compensation, which was accepted. Thomas Carter, M.D., and James Hutchison, P.A., treated Gutierrez with a combination of medication and physical therapy.

¶4        In December 2022, David Bailie, M.D., who is board-certified in orthopedic surgery, conducted an independent medical examination ("IME"). Dr. Bailie's IME report indicated that Guitierrez underwent magnetic resonance imaging ("MRI") of his right knee twice after the accident, once in May 2022 and again in September 2022. After reviewing the MRI results and other records and examining Gutierrez, Dr. Bailie concluded that Gutierrez sustained a grade two medial collateral ligament ("MCL") tear of the right knee in the May 2022 accident, and that the tear had "fully healed with trace laxity but ongoing symptoms." Dr. Bailie also determined that Gutierrez had a "pre-existing" posterior cruciate ligament ("PCL") injury, but concluded that the May 2022 accident did "not

aggravate the PCL injury." Concluding that Gutierrez had "reached maximum medical improvement," Dr. Bailie concluded that Gutierrez had a 12% permanent impairment warranting "six months" of "[s]upportive care" but "[n]o further active treatment."

¶5 The City then issued a notice of claim status reflecting that it would authorize six additional months of supportive care, issue a monetary benefit for the permanent impairment, and close Gutierrez's claim effective December 21, 2022. Gutierrez requested a hearing to dispute the closure of his claim.

¶6 At the hearing, Gutierrez stated that after the May 2022 accident he continued to work as a heavy-equipment operator while receiving treatment. Gutierrez saw two different doctors before undergoing the December 2022 IME. Gutierrez testified that, after his claim was closed, he sought treatment from Michael Dersam, M.D., who performed a total knee replacement in February 2023. Gutierrez then took part in physical therapy and returned to work in May 2023.

¶7 Dr. Bailie testified about the IME he conducted and about his review of Gutierrez's medical records. He testified that the MRI Gutierrez underwent "about two and a half weeks" after the May 2022 injury showed a "grade two" MCL tear, and that the September 2022 MRI showed that the MCL tear "was healed." Dr. Bailie noted that both MRIs also showed a PCL injury, but opined that the PCL injury was pre-existing. The PCL injury, he explained, was not "consistent with" the kind of "twisting injury" that Gutierrez sustained in May 2022. In any event, Dr. Bailie testified, he could tell, from its "color" and "thickness," that the PCL injury was pre-existing.

¶8 Dr. Bailie concluded his testimony by stating that, in his opinion, Gutierrez suffered a "grade two MCL tear" as a result of the May 2022 accident, with no aggravation of the prior PCL injury. Dr. Bailie testified that Gutierrez's injury was medically stationary with 12% permanent impairment. Dr. Bailie further testified that the knee replacement that Gutierrez underwent in February 2023 may have been necessitated by "osteoarthritis" or some other underlying condition, but was not related to the May 2022 accident.

¶9 Dr. Dersam testified that Gutierrez's PCL injury was not pre-existing, but was caused by the May 2022 accident. Dr. Dersam reached that conclusion, he explained, because he saw "no documentation of a prior injury" and Gutierrez told him that "he did not have any knee pain prior" to the May 2022 accident. He further testified that Gutierrez "started to

3

develop arthritic changes in the knee" due to the PCL tear, and that he performed the knee replacement in February 2023 "to try to stabilize [Gutierrez's] knee" and prevent further "degenerative changes." Noting the "possibility" that Gutierrez's knee might require further treatment, Dr. Dersam recommended that he receive continued care in the form of "follow-up" and "X-rays" "one or two times a year."

¶10        On cross-examination, Dr. Dersam testified that he agreed with Dr. Bailie's opinion that an MCL tear alone would not cause or contribute to the need for a total knee replacement. Dr. Dersam also acknowledged that an MRI of a recent PCL injury would "typically" show "more edema or more swelling" than appeared on the MRI that Gutierrez underwent in May 2022.

¶11        Following the hearing, the ALJ entered an award upholding the closure of Gutierrez's claim. The ALJ found "the opinions of Dr. Bailie to be more probably correct and well founded" and determined that Gutierrez's injury "was medically stationary with a twelve percent permanent impairment of his right lower extremity effective December 21, 2022." Gutierrez filed a request for review, and the award was affirmed. Gutierrez then brought this statutory petition for special action. We have jurisdiction under A.R.S. §§ 12-120.21(B), 23-951(A).

## DISCUSSION

¶12        Gutierrez disputes the closure of his claim.[1] In reviewing a workers' compensation award, we defer to the ALJ's findings of fact if they are reasonably supported by the evidence, and absent an abuse of discretion we affirm the "ALJ's resolution of conflicting opinions." *Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 605, ¶ 10 (App. 2000) (citation omitted).

¶13        A claimant seeking continued benefits bears the burden to prove that his or her medical condition is not stationary. *Stephens v. Indus. Comm'n*, 114 Ariz. 92, 94 (App. 1977) (citations omitted). A medical

---

[1] Gutierrez's opening and reply briefs cite neither the record nor legal authorities in support of his arguments and so do not comply with applicable rules. *See* ARCAP 13(a)(4)-(5), (7). Although the deficiencies in Gutierrez's briefing could support a finding of waiver, *see Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007) (citations omitted), our preference for resolving cases on their merits leads us to exercise our discretion to address his arguments. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) (citation omitted).

condition is "stationary" when it "has reached a relatively stable status so that nothing further in the way of medical treatment is indicated to improve that condition." *Aragon v. Indus. Comm'n*, 14 Ariz. App. 175, 176 (1971). Competent medical testimony is required to determine whether a medical condition is stationary. *Rosarita Mexican Foods v. Indus. Comm'n*, 199 Ariz. 532, 535-36, ¶ 12 (2001) (citation omitted).

¶14　　　　Gutierrez asserts that the ALJ erred in determining Dr. Bailie's opinions to be "more likely correct" because Dr. Bailie performed a "cursory physical exam" and mainly relied on the records of Gutierrez's previous providers. Gutierrez denies that he had any pre-existing PCL injury, insisting that Dr. Bailie's determination to the contrary was based on a misinterpretation of his medical records.

¶15　　　　The hearing on Gutierrez's claim gave rise to conflicting medical evidence. Dr. Bailie testified that Gutierrez's MCL injury was stationary as of December 2022, and that his need for a knee replacement in February 2023 was unrelated to the May 2022 accident. In contrast, Dr. Dersom testified that the February 2023 knee replacement was reasonably necessary to treat the injury sustained in May 2022. Dr. Dersom opined that Gutierrez sustained the PCL injury as a result of the May 2022 accident, but admitted that the MRI taken shortly after the accident did not show the amount of "edema or . . . swelling" that is "typically" found in a recent PCL injury. The ALJ has a "duty to resolve all conflicts in the evidence and to draw all warranted inferences." *Spec. Fund Div. v. Indus. Comm'n*, 252 Ariz. 267, 269-70, ¶ 10 (App. 2021) (quotation omitted). Where two inferences may be drawn from the evidence, the ALJ may choose either inference; we will not disturb that choice unless it is "wholly unreasonable." *Waller v. Indus. Comm'n*, 99 Ariz. 15, 18 (1965) (citations omitted). Although Gutierrez argues that Dr. Dersom's opinion was more persuasive than Dr. Bailie's, he has not shown that the ALJ's contrary determination was "wholly unreasonable." *See id*. Because we will not re-weigh evidence, *Kaibab*, 196 Ariz. at 608, ¶ 21, we accept, as supported by competent expert testimony, the ALJ's determination that Gutierrez's condition was stationary as of December 2022.

¶16　　　　Gutierrez also argues that another doctor whom he briefly saw for treatment improperly shared his medical records in violation of his medical privacy rights under the Health Insurance Portability and Accountability Act ("HIPAA"). This argument was neither raised at the hearing nor in Gutierrez's request to the ICA for review. This argument is therefore waived, and we decline to address it. *See Larson v. Indus. Comm'n*, 114 Ariz. 155, 158 (App. 1976) ("We will not consider on review an issue not

raised before the Industrial Commission where the petitioner has had an opportunity to do so." (citation omitted)).

## CONCLUSION

¶17      We affirm the award.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR