481 P.2d 509

Olen STEVENS, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona,
Respondent,

Yavapai Electric Company, Inc.,
Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.*

No. I CA–IC 425.

Court of Appeals of Arizona,
Division 1,
Department A.

March 4, 1971.

H. K. Wilhelmsen, Prescott, for petition-

William C. Wahl, Jr., Counsel, Donald L. Cross, Former Chief Counsel, Phoenix, for respondent Industrial Commission of Ariz.

Robert K. Park, Chief Counsel by Cecil A. Edwards, Jr., Phoenix, for respondent carrier State Compensation Fund.

DONOFRIO, Judge.

This is another heart case, involving a myocardial infarction. It is the opinion of the Court that a detailed repetition of the facts is not necessary, for the fact situation is unique to this case, and the question before the Court is whether or not the award of the Industrial Commission is reasonably supported by the evidence.

When the results of an industrial accident cannot clearly be seen by laymen, such as the loss of an arm or a leg, the question of physical disability or impairment can be resolved only through the use of expert medical testimony. Bedel v. Industrial Commission, 5 Ariz.App. 470, 428 P.2d 134 (1967); Fyffe v. Industrial Commission, 10 Ariz.App. 377, 459 P.2d 104 (1969).

In the instant case, two general practitioners, one who had some specialized training in heart cases, testified that in their opinion the exertion of the petitioner in moving heavy electrical appliances prior to the onset of angina pains was, within reasonable medical probability, the cause of his myocardial infarction. Dr. Allen I. Gordon, a specialist in internal medicine, testified at the second hearing after a review of the petitioner's claim file, without the benefit of a physical examination of the claimant. Dr. Gordon expressed as his opinion that the exertion by the petitioner was not the cause of the myocardial infarction, nor did it aggravate any preexisting condition or precipitate the infarction. When there is a conflict in the medical opinion the Commission has the duty to resolve that conflict. Linn v. Industrial Commission, 10 Ariz.App. 571, 460 P.2d

* This case was decided under the law as it existed prior to January 1, 1969.

**140**

677 (1969), Reynolds Metals Company v. Industrial Commission, 7 Ariz.App. 379, 439 P.2d 542 (1968). This they have done.

The award is affirmed.

STEVENS, P. J., and CASE, J., concur.