559 P.2d 212

**Fred STEPHENS, Petitioner,**

**v.**

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Walt Adams Buick, Inc., Respondent Employer,**

**Mission Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 1477.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 11, 1977.

Jerome & Gibson, P. C. by Richard A. Gibson, Phoenix, for petitioner.

John H. Budd, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by J. Victor

Stoffa and Donald L. Cross, Phoenix, for respondent carrier.

## OPINION

JACOBSON, Presiding Judge.

On review of this award of the Industrial Commission of Arizona, we are presented with several issues. The threshold question is whether petitioner has preserved the issues he now raises on review though he failed to state any specific objections to the decision of the hearing officer in his Request for Review before the Commission. Our resolution of this issue leaves us with the question of whether the evidence supports the award of the Commission. We find that it does and therefore affirm the award.

Petitioner sustained an industrial injury to his back on September 29, 1972. His claim for benefits was accepted by the carrier. Thereafter he was treated by numerous physicians and was placed on frequently changing work statuses.

On April 30, 1974 the carrier issued a Notice of Claim Status terminating benefits as of April 22, 1974 with no permanent disability. Petitioner filed a Request for Hearing, stating: "[w]e desire an opportunity to prove that my client is totally disabled, has permanent disability and is in need of medical care." Thereafter, on August 26, 1974, December 3, 1974 and February 6, 1975, formal hearings were convened before Presiding Hearing Officer Howland Hirst.

■ At this juncture we can rather summarily dispose of petitioner's argument that the question of permanent disability should not have been decided by the hearing officer as it was not ripe for determination; and that since neither side presented evidence as to percentage of disability, the finding of no permanent disability by the hearing officer was purely speculative and must be set aside. First, clearly by the language of petitioner's Request for Hearing, the question of permanent disability

was placed in issue. *See Arellano v. Industrial Commission*, 25 Ariz.App. 598, 545 P.2d 446 (1976).

■ Second, this argument ignores the fact that the burden of proof is always upon the claimant to prove all the elements of his claim, including under the Notice of Claim Status involved here, that his condition has not become stationary and that he is entitled to continuing benefits. *Lawler v. Industrial Commission*, 24 Ariz.App. 282, 537 P.2d 1340 (1975); *Timmons v. Industrial Commission*, 83 Ariz. 74, 316 P.2d 935 (1957). Thus, if there was no evidence presented on the issue of percentage of permanent disability, then petitioner simply failed to sustain his burden of proof. The third reason for rejecting this argument is that it was never raised before the Commission, either at the hearing or in petitioner's request for review. This court will not consider on review an issue not raised before the Industrial Commission where the petitioner has had an opportunity to do so. *Norsworthy v. Industrial Commission*, 24 Ariz.App. 73, 535 P.2d 1304 (1975). This rule stems from the requirement that administrative remedies be exhausted before court relief is sought. It is based upon the assumption, as stated in *Ross v. Industrial Commission*, 82 Ariz. 9, 11–12, 307 P.2d 612, 614 (1957), that the "administrative agency, if given a complete chance to pass upon the matter, will decide correctly."

Our rule that we will not consider on review issues not raised at all before the Commission must be contrasted with the failure of the losing party to raise specific issues on a Request for Review of the decision or award entered after the close of the hearing. In this case, petitioner filed a simple statement requesting a review, but adding "[a] supporting memorandum will be submitted forthwith supporting the position of applicant." Thereafter, no supporting memorandum was filed.

Section 23–943, A.R.S., and Rule 59, Rules of Procedure Before the Industrial Commission of Arizona, provide that a Re-

quest for Review need only state that the party requests a review of the award and that it *may* be accompanied by a memorandum of points and authorities. Subsection E of § 23–943 provides: "[t]he review shall be made by the presiding hearing officer and shall be based upon the record and the memoranda submitted under the provisions of subsection A of this section."

■ While both the statute and the rule make it clear that a supporting memorandum is not mandatory, subsection E of A.R.S. § 23–943, makes it equally clear that in the absence of memoranda, the review "shall be based upon the record." In our opinion, in absence of memoranda or the Request for Review itself raising other issues, a review of the record must be limited to two areas: (1) those matters which are extant in the record, such as objections to evidence, and (2) the issue which is fundamental on review, that is, the sufficiency of the evidence to support the decision. In keeping with the principles of exhaustion of administrative remedies, this court's review of the hearing officer's decision will be limited to the same matters which the hearing officer could consider in its review of its own decision. *See Ross v. Industrial Commission*, 20 Ariz.App. 353, 513 P.2d 143 (1973).

Despite this holding, and ignoring the outside-the-record excuse offered by petitioner for failing to file a memorandum in support of his Request for Review,[1] we feel constrained to say that this case presented a particularly compelling instance in which a supporting memorandum should have been filed. Not only was the record voluminous, but the hearing officer who was required to make the final decision had not presided over the formal hearings and thus was required to reach his decision wholly on the

basis of the written documents and transcripts before him.[2] We therefore limit our review in this matter to the sufficiency of the evidence.

■ Our review of the evidence before the Commission convinces us that, viewing the evidence in a light most favorable to sustaining the findings and award of the Commission, *Micucci v. Industrial Commission*, 108 Ariz. 194, 494 P.2d 1324 (1972), *Malinski v. Industrial Commission*, 103 Ariz. 213, 439 P.2d 485 (1968), the award must be affirmed. At the three hearings six medical doctors testified in addition to petitioner himself and other lay witnesses. Since the nature of a back condition and the cause thereof, are matters lying peculiarly within the knowledge of medical doctors, *Stevens v. Industrial Commission*, 14 Ariz.App. 139, 481 P.2d 509 (1971) it is the medical testimony which determines the outcome of this case.

The hearing officer summarized his view of the medical evidence in his findings 4 and 5, as follows:

"4. Applicant has been treated or examined by a number of orthopedic surgeons, neurological surgeons and a physical rehabilitation specialist. His symptoms of continuing pain and disability appear to have been valid, although some of the physicians were unable to make any objective findings to explain the continuing symptoms. A herniated disc was suspected although not established medically until he was treated by Willard S. Hunter, M.D. on May 13, 1974. Dr. Hunter performed extensive tests, including myelography, X rays and discogram which he felt indicated a disc protrusion at the L4–L5 level and a ruptured disc at the L5–S1 level, with nerve root involve-

---

1. The court granted a motion to strike this material and likewise struck material contained as an appendix to the opening brief which referred to matters occurring after the hearing in this matter.

2. Hearing Officer Howland Hirst retired from the Industrial Commission subsequent to conducting the formal hearings. Pursuant to A.R.S. § 23–942(B), the matter was transferred by the Chief Hearing Office of the Industrial Commission, to Hearing Officer Richard Bacharach.

ment. As a result of his test, examinations and a review of applicant's medical history, Dr. Hunter injected chemo papate at the problem areas which in this case appear to have been successful in relieving a substantial portion of the applicant's complaints. When Dr. Hunter last saw the applicant on December 13, 1974 he felt that he was "much improved."

"5. A review of all medical reports and testimony leads this Hearing Officer to conclude that the medical treatment between April 22, 1974 and December 13, 1974 was justified to accord relief for disabilities related to the original industrial injury, and that by December 13, 1974 applicant's condition became stationary without physical disability related to the industrial episode. It is considered that any symptoms of pain which the applicant may have at this time are due to a long existing degenerative process."

The testimony of Dr. Hunter did provide a basis for concluding that the surgical procedure performed on petitioner in June, 1974 was causally related to his earlier industrial injuries, and thus conflicting medical testimony on the issue of the nature and cause of petitioner's back complaints may be ignored, as the hearing officer is the one whose duty it is to resolve conflicts in the medical evidence. *Snyder v. Industrial Commission,* 14 Ariz.App. 114, 481 P.2d 285 (1971).

As to the question of whether petitioner's condition was stationary without permanent disability, very simply, petitioner failed to prove the contrary. Dr. Hunter, the only physician to testify who knew what petitioner's condition was after the June, 1974, surgical procedure, was never asked whether he had released petitioner and if so, did he have any permanent disability. Since these were the very questions put into issue by petitioner's Request for Hearing, he was certainly aware, and in any event required, to prove his entitlement

to continuing benefits. *Lawler v. Industrial Commission, supra; Timmons v. Industrial Commission, supra.* This he failed to do and we therefore affirm the award.

FROEB, C. J., and HAIRE, J., concur.