584 P.2d 56

**Paul RELEFORD, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Maricopa Community College District, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 1696.**

Court of Appeals of Arizona, Division 1, Department C.

May 25, 1978.

Review Denied Sept. 12, 1978.

Machmer, Schlosser & Meitz, P. C. by Ronald M. Meitz, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Don F. Schaar, Phoenix, for respondent Employer and Carrier.

## OPINION

WREN, Judge.

In this special action we are called upon to review an award made by the Industrial Commission terminating temporary disability benefits.

The petitioner, Paul Releford, sustained an industrial injury to his back on August 7, 1974 and his claim for benefits was accepted by the respondent carrier. On December 8, 1975, the carrier issued a notice of claim

status terminating temporary disability benefits as of November 24, 1975 with no permanent disability. Petitioner then requested a hearing directed to the notice of claim status. Thereafter hearings were held on July 7, 1976 and September 29, 1976. On September 30, 1976, the hearing officer rendered his decision upon hearing and findings and award for temporary disability finding petitioner had sustained no permanent mental or physical disability related to the industrial accident and approving benefits through November 24, 1975.

On October 28, 1976 and November 1, 1976, the petitioner filed requests for review of the hearing officer's decision. The October 28 request stated in relevant part:

> COMES NOW the Applicant, by and through his attorney, undersigned, and respectfully requests a review of the Decision Upon Hearing and Finings [sic] and Award for Temporary Disability issued September 30, 1976 upon the grounds set forth in the Memorandum of Points and Authorities.

The following constitutes the full text of petitioner's memorandum:

> Applicant maintains that the testimony of Dr. Hunter should have been sufficient evidence to give applicant an award.

Thereafter, petitioner retained present counsel who filed a second request for review on November 1, 1976 which stated in part:

> COMES NOW, the applicant, by and through undersigned attorney, and hereby requests review on the Hearing Officer's Decision of FINDINGS AND AWARD FOR TEMPORARY DISABILITY dated September 30, 1976.

No memorandum in support of this request was filed. The hearing officer's award was affirmed upon review pursuant to these requests.

On review before this Court petitioner seeks to have the award set aside on the basis that the hearing officer's Finding No. 9 conflicted with and was unsupported by the testimony of Dr. Hunter.[1] First, however, as a preliminary matter, we must consider whether, as respondents contend, the petitioner failed to preserve this question for consideration by this Court.

This Court's decision in *Stephens v. Industrial Commission*, 114 Ariz. 92, 559 P.2d 212 (App.1977) established the following rule regarding an administrative review of a hearing officer's award in the Industrial Commission:

> While both the statute and the rule make it clear that a supporting memorandum is not mandatory, subsection E of A.R.S. § 23–943, makes it equally clear that in the absence of memoranda, the review "shall be based upon the record." In our opinion, in absence of memoranda or the Request for Review itself raising other issues, a review of the record must be limited to two areas: (1) those matters which are extant in the record, such as objections to evidence, and (2) the issue which is fundamental on review, that is, the sufficiency of the evidence to support the decision. *In keeping with the principles of exhaustion of administrative remedies, this court's review of the hearing officer's decision will be limited to the same matters which the hearing officer could consider in its review of its own decision.*

(Emphasis added.) 114 Ariz. at 95, 559 P.2d at 215.

Respondents contend that the alleged error petitioner raises here was neither raised below in his requests for review nor in his memorandum, and was not "extant in the record," and for these reasons the scope of review at the administrative level and here

---

1. Finding of Fact No. 9 stated:

   It is to be noted that Dr. Hunter testified that it was "possible" that applicant had sustained permanent disability equal to $2\frac{1}{2}\%$ of the man as a whole; however, when queried as to whether applicant's permanent disability was attributable to the industrial events of August 7, 1974, Dr. Hunter testified, "I don't know, I'm just guessing."

Petitioner contends the record would reveal that Dr. Hunter testified that some portion of petitioner's disability was related to his industrial injury but, because of petitioner's congenital back abnormality, Dr. Hunter could merely speculate as to the percentage of impairment caused by the industrial injury alone.

is limited to the sufficiency of the evidence to support the award. Petitioner, on the other hand, contends the error was extant in the record, urging that any matter with reference to which a hearing officer makes a finding is extant and need not be specifically pointed out in a request for review. He also argues that the reference to Dr. Hunter's testimony in his memorandum was sufficient to alert the hearing officer to the alleged error. We disagree.

■ The term "extant" refers to something which is "easily seen or understood" or "clearly evident" or to matter which is "currently or actually existing." *Webster's Third New International Dictionary,* 804 (1969). The term as used in *Stephens* encompasses these meanings and in this context refers to matter in the record which would, by its mere presence, draw the reviewer's attention to the existence of a possible error. The example of such matter in *Stephens,* an objection to the evidence, makes it immediately apparent that *Stephens* envisaged situations where an event occurred at the time the record was made which would thereafter attract attention to that portion of the record. Such a situation did not exist in this case since the alleged error, which occurred after the close of the hearings, was not one which could have been drawn to the attention of the hearing officer at the time it was made. Having no opportunity to direct the hearing officer's attention to his error at the time of the hearing, it became incumbent upon petitioner to do so in his requests for review or in memoranda supporting his requests. This he did not do.

■ We are also of the opinion that error in a hearing officer's findings of fact can never be "extant in the record." A.R.S. § 23–943(E) states:

The review shall be made by the presiding hearing officer and shall be based upon the record and the memoranda submitted under the provisions of subsection A of this section.

Technically, of course, a hearing officer's findings of fact are part of the record made in the course of proceedings relating to a petitioner's claim before the Industrial Commission. However, in the context of a review of a hearing officer's award, the record contemplated for review is that which was before the hearing officer when he made his original decision. An error must be extant in this record if it is not raised in a request for review or memoranda accompanying such a request before it will be considered on review either here or before the Industrial Commission.

■ The written transcript of Dr. Hunter's testimony was filed with the Commission on October 4, 1976, more than three weeks prior to the filing of petitioner's first request for review. In view of the fact that reference, in petitioner's request for review or in a memorandum, to the specific alleged conflict between Dr. Hunter's testimony and the hearing officer's finding would have been a simple task, we hold the reference to "the testimony of Dr. Hunter" in petitioner's memorandum was insufficient to alert the hearing officer to the alleged discrepancy.

■ Having failed to sufficiently direct the hearing officer's attention to the claimed erroneous finding petitioner waived his right to have his assertions considered before this Court and a review of the evidence in this case was limited to the sufficiency of the evidence to support the award. *Stephens v. Industrial Commission.* Viewing the evidence in a light most favorable to sustaining the award, as we must, Micucci v. Industrial Commission, *108 Ariz. 194, 494 P.2d 1324 (1972), we are of the opinion that there was sufficient reasonable evidence to support the award and affirm.*

Dr. George VanDeWyngaerde, an orthopedic surgeon, evaluated the petitioner as a member of a group of consultants from the Southwest Disability Evaluation Center. Based upon his examination of the petitioner, his industrial injury history and x-rays of his spine, Dr. VanDeWyngaerde was of the opinion that petitioner suffered from spondylolisthesis of the L-4 and 5 vertebrae and degenerative arthritis prior to his industrial injury. He was of the opinion that petitioner's problems at the time of the hearing were related to the spondylolisthesis and arthritis. He was of the further

opinion that petitioner's condition, as a result of the industrial injury, was stationary and that he had suffered a ten per cent physical disability both prior to his industrial injury and subsequent thereto. He stated that petitioner had suffered a low back strain as a result of the industrial incident of which there was no evidence at the time of his examination in April 1976. The group consultation report, which was before the hearing officer, concurred with the opinion of Dr. VanDeWyngaerde.

We believe that Dr. VanDeWyngaerde's testimony in conjunction with the consultation report was sufficient to support the hearing officer's decision that petitioner's industrial injury did not result in a permanent disability.

The award is affirmed.

DONOFRIO, P. J., and SCHROEDER, J., concur.