747 P.2d 596

**Frederick J. KLOSTERMAN,
Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF
ARIZONA, Respondent,**

**M & O Construction,
Respondent Employer,**

**Argonaut Insurance Company,
Respondent Carrier.**

**No. 1 CA–IC 3538.**

Court of Appeals of Arizona,
Division 1, Department A.

July 30, 1987.

Reconsideration Denied Sept. 30, 1987.

Review Denied Jan. 19, 1988.

Jerome, Gibson & Stewart, P.C. by James L. Stevenson, Phoenix, for petitioner employee.

Dennis P. Kavanaugh, Chief Counsel, The Industrial Com'n of Arizona, Phoenix, for respondent.

Wisniewski, Surrano & Fendon by Don A. Fendon, Phoenix, for respondent employer and carrier.

GRANT, Presiding Judge.

This is a special action review of an Industrial Commission award denying industrial responsibility for a newly torn ligament to a knee which had previously sustained an industrial injury. The parties dispute whether the industrial injury directly and naturally contributed to the tear. Because the uncontradicted medical evidence established this connection and because the reasonableness of the non-indus-

trial activity causing the new injury was not raised, we must set aside the award.

On August 27, 1984, the petitioner employee (claimant) injured his left knee at work. Eugene J. Chandler, M.D., a specialist in knee surgery who had treated the claimant for previous knee injuries, performed arthroscopy and a partial lateral menisectomy. The claimant made good progress until December 1984, when he noticed increased soreness. At a scheduled examination on December 17th, Dr. Chandler diagnosed a newly torn anterior cruciate ligament and recommended arthroscopy and reconstruction.

The respondent carrier (Argonaut) refused to authorize the additional surgery. Dr. Chandler again requested authorization, informing Argonaut that "the torn anterior cruciate ligament is directly related to the accident of 8/27/84 in that his knee was in a weakened condition and his new injury is directly related to that accident, even though the patient was doing something that he was not supposed to be doing." Argonaut responded by formally denying liability for any subsequent injury. The claimant timely protested, and hearings were scheduled.

At these hearings, the claimant testified that he did not notice an immediate injury while playing frisbee on December 5, 1984, but subsequently developed symptoms. Dr. Chandler was the only medical expert to appear. He testified that the claimant probably tore the ligament while playing frisbee. He also testified, however, that the industrial injury and surgeries, as well as prior injuries, had weakened the left knee. Furthermore, in his opinion the tear on December 5th would not have occurred but for this weakness. Dr. Chandler also noted that jumping or clipping injuries are the most common causes of this type of tear. Finally, he acknowledged that, although the tear could have occurred in several ways, "the frisbee incident did cause it, and if he had done his normal rehabilitation, it probably would not have happened...."

In addition to the claimant and Dr. Chandler, the claimant's physical therapist and a teammate appeared. All four witnesses testified about the reasonableness of the claimant's frisbee activity. The administrative law judge, however, questioned the relevance of this inquiry. Argonaut initially asserted that reasonableness was relevant to a suspension of benefits under A.R.S. § 23–1026(E) but then abandoned this position. The claimant disputed Argonaut's factual assertions but did not assert that reasonableness was relevant.

The administrative law judge found that the frisbee incident caused the new ligament tear. Relying on *East v. Industrial Commission*, 137 Ariz. 315, 670 P.2d 420 (App.1983), he concluded that the tear was noncompensable because "[i]n legal contemplation this is a new injury ..., directly caused by a subsequent, non-industrial activity."

On administrative review, the claimant primarily argued that the administrative law judge had ignored Dr. Chandler's uncontradicted opinion that the ligament tear would not have occurred but for the weakened condition caused at least in part by the August 1984 industrial injury. He cited only general authority concerning the priority of expert opinion. *East* was not distinguished. In addition, the claimant asserted that his frisbee activity was reasonable, but he did not argue that the award lacked a material finding. The administrative law judge summarily affirmed the award. The claimant then brought this special action.

On review, the claimant, in our view, correctly argues that the administrative law judge misapplied the successive injury doctrine. This doctrine applies where there are two responsible employers or carriers upon whom liability might be imposed. The doctrine is a rule of liability preference, not a defense against liability. *See Pearce Development v. Industrial Commission*, 147 Ariz. 598, 712 P.2d 445 (App.1985), analysis of successive injury doctrine *approved and adopted at* 147 Ariz. 582, 712 P.2d 429 (1985); *Mercante v. Industrial Commission*, 153 Ariz. 261, 735 P.2d 1384 (App.1987). The present case involves only one employer. The succes-

sive injury doctrine, therefore, does not apply.

■ Both parties agree on appeal that the correct test is the one delimiting the compensable consequences of a primary industrial injury. Under this test, a new condition is compensable if (1) the primary injury directly and naturally caused it; and (2) the claimant's conduct was not unreasonable so as to break the causal chain. *Dutton v. Industrial Commission*, 140 Ariz. 448, 682 P.2d 453 (App.1984); *O'Donnell v. Industrial Commission*, 125 Ariz. 358, 609 P.2d 1058 (App.1980); *accord* 1 A. Larson, *Workmens' Compensation Law* § 13.11(b) (1985). Argonaut asserts that the causation requirement of the compensable consequences test is unsatisfied and, therefore, that it was unnecessary for the administrative law judge to address the reasonableness of the claimant's conduct.[1]

■ Argonaut first argues that the frisbee incident was the sole cause of the new tear. We disagree. It is true Dr. Chandler testified that the frisbee playing had caused the tear. However, he also clearly testified that, but for the weakened state of the knee, caused by the industrial injury and the rehabilitation efforts, the tear would not have occurred. In addition, the claimant testified that he jumped on his right leg, not on his left. He had only a "little collision," not the violent clipping blow which Dr. Chandler testified would be sufficient to injure a completely rehabilitated knee. We therefore reject this argument.

Argonaut argues in the alternative that this is a new injury and that the vulnerability to further injury does not satisfy the direct and natural result requirement. Argonaut cites no authority for its position. This court questioned in *East* whether a predisposition to injury was "a sufficient causative factor to impose industrial liability for a condition proximately caused by a non-industrial injury." *East*, 137 Ariz. at

317, 670 P.2d at 422. In that case, however, there was no testimony linking the industrial injury to the petitioner's later injury, and that language was therefore dicta.

This court squarely addressed the issue a year later in *Dutton v. Industrial Commission*, 140 Ariz. 448, 682 P.2d 453 (App. 1984). It rejected a general rule denying the sufficiency of predispositions. *See also Mercante v. Industrial Commission*, 153 Ariz. 261, 735 P.2d 1384 (App.1987); *O'Donnell v. Industrial Commission*, 125 Ariz. 358, 609 P.2d 1058 (App.1980) (award denying reopening set aside where claimant suffered new injuries caused by weakened condition remaining from earlier compensable injury). We agree with the reasoning found in Larson: "[E]ven if the employment-weakened member does not actually cause the subsequent accident, it may render the results of that accident compensable if the weakness made the limb more susceptible to refracture. The same principle has been applied to ... knees made more vulnerable by the compensable injury...." A. Larson, *supra* § 13.12 at 388–90 (citations omitted). We reject Argonaut's position.

Dr. Chandler's uncontradicted testimony was that the ligament tear would not have occurred but for the knee's weakened condition caused in part by the August 1984 injury. This evidence satisfied the first prong of the compensable consequences test.

However, the administrative law judge failed to make a finding on the second element of the compensable consequences test, i.e., the reasonableness or unreasonableness of the claimant's activities which precipitated the subsequent reinjury. He found only that "the applicant could and did, reasonably or unreasonably, decide that he could play frisbee...."

The parties neither argued at the Industrial Commission nor have raised before

---

1. Argonaut has not argued that the claimant failed to preserve his position on review by not presenting his arguments to the administrative law judge. *Cf. Releford v. Industrial Commission*, 120 Ariz. 75, 584 P.2d 56 (App.1978) (appel-

late review limited to sufficiency of the evidence and matters extant in the record unless argument raised below). We therefore address the merits of the argument.

this court the issue of whether the claimant has the burden of proving that his frisbee activities were reasonable or whether the carrier has the burden of proving that such activities were unreasonable. Because this issue was not raised, we do not address it. *See* A.R.S. § 23–951(D).

The award is set aside.

CONTRERAS and FIDEL, JJ., concur.