IN THE

# SUPREME COURT OF THE STATE OF ARIZONA
## IN DIVISION

GILBERT AGUIRRE, JR.,
*Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA,
*Respondent,*

CITY OF GOODYEAR,
*Respondent Employer,*

COPPERPOINT AMERICAN INSURANCE COMPANY,
*Respondent Carrier.*

No. CV-19-0001-PR
Filed August 15, 2019

Special Action from the Industrial Commission of Arizona
The Honorable Robert F. Retzer, Jr., Administrative Law Judge
No. 20152-040228
**AWARD SET ASIDE**

Opinion of the Court of Appeals, Division One
245 Ariz. 587 (App. 2018)
**AFFIRMED IN PART, VACATED IN PART**

COUNSEL:

Thomas C. Whitley (argued), Nicholas C. Whitley, Taylor & Associates, P.L.L.C., Phoenix, Attorneys for Gilbert Aguirre, Jr.

Gaetano J. Testini, Los Abogados Hispanic Bar Association, Inc., Phoenix, Attorney for Industrial Commission of Arizona

Sharon M. Hensley, Mark A. Kendall (argued), CopperPoint American Insurance Company, Phoenix, Attorneys for City of Goodyear and CopperPoint American Insurance Company

Toby Zimbalist, Phoenix, Attorney for Amicus Curiae Professional Firefighters of Arizona

JUSTICE GOULD authored the opinion of the Court, in which VICE CHIEF JUSTICE TIMMER and JUSTICES BOLICK, LOPEZ, and BALES (RETIRED) joined.

JUSTICE GOULD, opinion of the Court:

¶1 In *Post v. Industrial Commission of Arizona*, we held that when an administrative law judge ("ALJ") fails to make findings on all material issues necessary to resolve the case, the award is legally deficient and must be set aside. 160 Ariz. 4, 7–9 (1989). Today, we further hold that a claimant does not waive appellate review of the legal sufficiency of findings before the Industrial Commission of Arizona ("ICA").

**I.**

¶2 Gilbert Aguirre has worked as a firefighter for the City of Goodyear ("City") since August 2007. As a firefighter, he has responded to several fires, including a large fire in a cabinet factory that contained "paints, thinners, [and] lacquers," a fire in an airport hangar with burning jet fuel, a house fire with chlorine stored in the attic, and several burning methamphetamine labs. In May 2015, Aguirre was diagnosed with chronic myeloid leukemia ("CML"). He filed a workers' compensation claim alleging that his CML was caused by the toxic chemicals he had been exposed to while fighting fires for the City.

¶3 After Aguirre's claim was denied by the City's workers' compensation carrier, CopperPoint American Insurance Company ("CopperPoint"), he requested a hearing before the ICA. At the hearing, Aguirre asserted a claim for benefits pursuant to A.R.S. § 23-901.01.[1] Under

---

[1] The parties cite to the former version of this statute, which was amended in 2017. *See* 2017 Ariz. Sess. Laws, ch. 318, § 1 (1st Reg. Sess.). In the current version of the statute, some of the sections have been

that statute, a firefighter diagnosed with Aguirre's type of cancer is entitled to a presumption that he is suffering from a compensable occupational disease upon showing that he: (1) "passed a physical examination before employment and the examination did not indicate evidence of cancer," (2) "was assigned to hazardous duty for at least five years," and (3) "was exposed to a known carcinogen . . . and the carcinogen is reasonably related to the cancer." § 23-901.01(B)(1), (C)(1)–(3); *see also Hahn v. Indus. Comm'n*, 227 Ariz. 72, 75 ¶ 12 (App. 2011) (holding that in making a claim for occupational diseases under § 23-901.01, a claimant must "demonstrate that at least one carcinogen he was exposed to during hazardous duty is reasonably related" to his medical condition).

¶4         The testimony at the hearing focused primarily on whether Aguirre was exposed to any carcinogens that were "reasonably related" to his CML. *See* § 23-901.01(C)(3). Marc Wilkenfeld, M.D., board-certified in occupational medicine, authored a report and testified on behalf of Aguirre. Wilkenfeld testified that Aguirre had repeated exposure to the carcinogens present at the fires, often without proper protective equipment. Wilkenfeld further concluded, based on his review of peer-reviewed studies, medical literature, exposure records, and Aguirre's medical history, that Aguirre developed CML "as a result of the exposure to carcinogens he experienced during his work as a firefighter."

¶5         Jason Salganick, M.D., board-certified in medical oncology, prepared a report and testified on behalf of CopperPoint. Salganick testified that although firefighters are generally exposed to potential carcinogens, he could not determine if Aguirre was exposed to a known carcinogen because his records did not identify which specific toxins were present at particular fires, what protective gear Aguirre wore, or how long he spent at each fire. Salganick further stated that the medical literature only supported a possible connection between Aguirre's work as a firefighter and CML. Salganick testified that, in his opinion, he could not conclude whether Aguirre's CML was "causally related to his work as a firefighter."

¶6         After the hearing, the ALJ denied Aguirre's claim for benefits. In his decision, the ALJ briefly summarized the testimony and noted that

renumbered. Because no material changes were enacted, for ease of reference we refer to the current version of the statute.

"[t]his is a claim under the Occupational Disease Statute § 23-901.01 (A) and (B)." The ALJ then issued the following ruling:

> After a careful review of all the evidence, the undersigned is more persuaded by [CopperPoint's] Legal Memorandum and therefore, concludes [that Aguirre] has failed to carry his burden of proving by a reasonable preponderance of the evidence that he sustained a work related injury . . . .

¶7        Aguirre filed a request for administrative review of the ALJ's decision pursuant to A.R.S. § 23-943. In his request, Aguirre did not specifically challenge the ALJ's failure to make material findings as required by *Post*. *See* 160 Ariz. at 7–9. The ALJ summarily affirmed the award.

¶8        Following a petition for special action, the court of appeals set aside the award based on "the absence of legally-sufficient findings," and held that "*Post*'s requirement that an ALJ make findings sufficient to permit meaningful judicial review[] applies even if a party fails to raise that specific issue in a request for review." *Aguirre v. Indus. Comm'n*, 245 Ariz. 587, 592 ¶ 20, 594 ¶ 31 (App. 2018) (citation omitted).

¶9        Because this case involves an issue of statewide importance, we granted review. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

## II.

¶10        CopperPoint contends that because Aguirre did not challenge the lack of material findings required by *Post* in his request for review, he has waived appellate review on that issue. For the reasons discussed below, we disagree.

## A.

¶11        In *Post*, the claimant requested a hearing to reopen his claim for benefits. 160 Ariz. at 5. The claim required the ALJ to resolve two material issues: (1) whether the claimant was suffering from a new condition, and (2) whether the original work-related accident was a cause of his new condition. *Id.* at 6–7. At the hearing, the parties presented conflicting medical expert testimony on both issues. *Id.* However, in his decision, the ALJ made no findings resolving the conflicting medical

testimony, nor did he make any findings regarding the material issues in the case. *Id.* at 8. Rather, he "merely stated the ultimate conclusion that the evidence did not establish that [the claimant] had a new condition" necessary to reopen his claim. *Id.* at 6.

¶12 We set aside the ALJ's award as legally deficient because it contained "no findings at all." *Id.* at 8–9. We stated that under Arizona law, the ALJ was required to make findings of fact and conclusions of law. *Id.* at 7 & n.4; *see* A.R.S. § 41-1063 (stating that final decisions in administrative cases must "include findings of fact and conclusions of law, separately stated," and that each finding of fact must contain an "explicit statement of the underlying facts supporting the findings"). However, because the ALJ did not comply with his statutory duty, any meaningful appellate review was not possible because there was no basis to examine "the factual support for, or the legal propriety of" the award. *Post*, 160 Ariz. at 7. Thus, we held that to permit appellate review, an ALJ must fulfill his statutory responsibility and make specific findings on all material issues and resolve all material "conflicts in the evidence, especially when the conflicts involve expert medical testimony." *Id.* at 8; *see also Douglas Auto & Equip. v. Indus. Comm'n*, 202 Ariz. 345, 347 ¶ 9 (2002) (holding that an ALJ's findings "must be specific, not only to encourage judges to consider their conclusions carefully, but also to permit meaningful judicial review"); *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975) (stating an ALJ in a workers' compensation case must resolve conflicts involving expert medical testimony).

¶13 Here, because the ALJ made no findings, the award is legally deficient and must be set aside. *See* A.R.S. § 23-951(D) (stating that on review, an appellate court may only affirm or set aside an award). Although the ALJ generally cited the occupational disease statute, he made none of the findings required under § 23-901.01(B) and (C). Specifically, the award neither resolves the material issue of whether Aguirre "was exposed to a known carcinogen . . . and the carcinogen is reasonably related to" his CML, nor does it resolve the conflicting opinions of Drs. Wilkenfeld and Salganick on this material issue. *See* § 23-901.01(C)(3).

**B.**

¶14 CopperPoint claims, however, that because Aguirre did not identify the *Post* issue in his request for review, he has waived it on appeal. In support of this claim, CopperPoint relies on *Stephens v. Industrial*

*Commission*, 114 Ariz. 92 (App. 1977). There, the court of appeals held that apart from the sufficiency of the evidence or "matters which are extant in the record," a party waives any issue not raised in its request for review. *Id.* at 95.

¶15        The waiver rule set forth in *Stephens* does not apply in this case. Here, the ALJ made no material findings at all. Thus, because he failed to fulfill his statutory duty, we cannot, as a practical matter, review his decision on appeal. *See supra* ¶ 12. As a result, the award is legally deficient and must be set aside regardless of whether the claimant has raised the issue. *See* § 41-1063; *Post*, 160 Ariz. at 7–8; *see also Cammeron v. Indus. Comm'n*, 98 Ariz. 366, 370–71 (1965) (setting aside award where ALJ failed to make necessary material findings as to whether claimant's mental disability was caused by the accident); *Hatfield v. Indus. Comm'n*, 89 Ariz. 285, 288–89 (1961) (setting aside award because ALJ made no findings as to material issue of whether claimant's accident and physical injury caused her mental illness); *Garcia v. Indus. Comm'n*, 26 Ariz. App. 313, 315 (1976) (setting aside award where ALJ made no findings on the material issues in the case, including necessary findings resolving the conflicting testimony of the medical witnesses).

¶16        CopperPoint's reliance on *Teller v. Industrial Commission*, 179 Ariz. 367 (App. 1994), and *Spielman v. Industrial Commission*, 163 Ariz. 493 (App. 1989), is misplaced. Neither case addressed an award that lacked material findings. Rather, in both cases the court determined that the claimant, by failing to make a request for *additional* findings, waived that issue on appeal. *See Teller*, 179 Ariz. at 371; *Spielman*, 163 Ariz. at 495–97; *see also Releford v. Indus. Comm'n*, 120 Ariz. 75, 77–78 (App. 1978) (holding that the claimant, by failing to challenge the ALJ's finding regarding medical causation in his request for review, waived his claim that the finding was erroneous on appeal).

## CONCLUSION

¶17        For the foregoing reasons, we set aside the ALJ's award. Further, we affirm the court of appeals decision in part but vacate paragraphs 16–18.