NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

JOAN MORLEY, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

SALVATION ARMY, *Respondent Employer*,

SALVATION ARMY, *Respondent Carrier*.

No. 1 CA-IC 22-0034
FILED 4-11-2023

---

Special Action - Industrial Commission
ICA Claim No. 20200630260
Carrier Claim No. 30204503278-0001
The Honorable Janet Weinstein, Administrative Law Judge

**AFFIRMED**

---

COUNSEL

Joan Morley, Bullhead City
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Norton & Brozina, P.C., Phoenix
By Christopher S. Norton
*Counsel for Respondent Employer and Respondent Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Daniel J. Kiley joined.

---

**C R U Z**, Judge:

**¶1**　　　　In this case, we affirm an award of the Industrial Commission of Arizona ("ICA") closing Joan Morley's claim because she is medically stationary and requires no further active treatment for her work injury. The award also finds that she has suffered no permanent impairment. We have reviewed the evidence and find that it supports the award.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　　Morley was injured at work in February 2020 when she tripped and fell, scraping her hands, knees, and legs, in a parking lot while taking out the trash. Her workers' compensation claim was accepted, and she received treatment for a right knee contusion with joint pain and lower back pain for several months. In January 2021, insurer Sedgwick CMS had Dr. Anthony Theiler, an orthopedic surgeon, review Morley's medical records. He found that, along with a right knee contusion, Morley had been diagnosed with scoliosis and degenerative disc disease, which were pre-existing conditions unrelated to, and neither aggravated nor exacerbated by, the work injury. Dr. Theiler concluded that Morley's knee injury had resolved and that any back problems were not due to the work injury. He denied that she needed further treatment or had a permanent impairment. Based on Dr. Theiler's opinion, Sedgwick closed the claim. Morley protested, and the case was set for a hearing.

**¶3**　　　　At the hearing, Dr. Theiler testified in support of his conclusions from his records review. Morley called her treating chiropractor, Dr. Tyler Travis, D.C., to testify. Dr. Travis testified that he treated Morley from March 2020 to August 2020 and then recommended physical therapy going forward because she had "plateaued." Additionally, he had provided the maximum amount of chiropractic treatment advised for her injury by the Occupational Disability Guidelines

2

("ODG"), which sets treatment standards for workers' compensation cases in Arizona. Arizona Administrative Code R20-5-1301 (adoption of ODG for medical treatment and services). He believed that her chiropractic treatments were needed due to the work injury, which he felt either caused or exacerbated her pre-existing conditions. But his testimony was clear that she had reached maximum medical improvement for chiropractic care.

¶4　　　　The ICA Administrative Law Judge ("ALJ") who presided over the hearing issued an award concluding that Morley was medically stationary with no permanent impairment. Morley requested administrative review, and the ALJ affirmed the award. This special action review followed. We have jurisdiction pursuant to Arizona Revised Statutes sections 12-120.21(A)(2) and 23-948.

**DISCUSSION**

¶5　　　　In reviewing the findings and awards of the ICA, we defer to the ALJ's factual findings. *Avila v. Indus. Comm'n*, 219 Ariz. 56, 57, ¶ 2 (App. 2008). On appeal, we view the evidence in the light most favorable to upholding the award. *Id.* The ALJ has the primary responsibility to resolve conflicts in medical opinion evidence. *Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46 (1988); *see also Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 609, ¶ 25 (App. 2000) (reviewing court is bound by ALJ's resolution of conflicting testimony when reasonable evidence supports the ALJ's conclusion). We defer to the ALJ's resolution of conflicting evidence and affirm the ALJ's findings if any reasonable theory of the evidence supports them. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398-99 (1975).

¶6　　　　The burden of proof is on the injured worker to show that her condition has not become stationary and that she is entitled to continuing benefits. *Stephens v. Indus. Comm'n*, 114 Ariz. 92, 94 (App. 1977). This court has said that "the term 'stationary' refers to that time when the physical condition of the employee resulting from the industrial injury has reached a relatively stable status so that nothing further in the way of medical treatment is indicated to improve that condition." *Aragon v. Indus. Comm'n*, 14 Ariz. App. 175, 176 (1971). When an issue is peculiarly within the knowledge of medical doctors, such as whether a medical condition is stationary, competent medical testimony must support a worker's claim that her condition is not static. *Rosarita Mexican Foods v. Indus. Comm'n*, 199 Ariz. 532, 535, ¶ 12 (App. 2001).

¶7　　　　Here, the ALJ was presented with two medical opinions about Morley's work injury status. Both experts agreed that she had reached

maximum improvement and needed no further active treatment for the work injury; thus, her condition from the work injury was stationary. Given that testimony, the ALJ had no option but to conclude that Morley's claim was properly closed.

¶8 Morley reargues the evidence in her appeal to this court and describes her current condition. Her failure to provide competent medical evidence that her condition resulting from the work injury was not stationary is fatal to her claim. Because the ALJ's decision is supported by two medical experts who testified that her work-injury condition would not further improve, we must affirm.

**CONCLUSION**

¶9 We affirm the award.



AMY M. WOOD • Clerk of the Court
FILED:    AA