NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

JOSE SANTOS, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

AZ MINI MIX CONCRETE OF MESA, *Respondent Employer*,

BENCHMARK INSURANCE, *Respondent Insurance Carrier*.

No. 1 CA-IC 22-0037
FILED 4-25-2023

Special Action - Industrial Commission
ICA Claim No.  20173000200
Carrier Claim No. 6567442
The Honorable Janet Weinstein, Administrative Law Judge

**AFFIRMED**

COUNSEL

Jose Antonio Santos Meza, Phoenix
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Norton & Brozina PC, Phoenix
By Rachel Parise Brozina
*Counsel for Respondent Employer and Insurance Carrier*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Anni Hill Foster joined.

---

**T H U M M A**, Judge:

¶1        This is a special action review of an Industrial Commission of Arizona (ICA) award finding Jose Santos has no permanent impairment from an industrial injury and needs no supportive care because his injury is medically stationary. Because the award is supported by the record, it is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2        Santos was injured in October 2017 while working as a diesel mechanic/maintenance technician for Az Mini Mix Concrete of Mesa. A large, heavy object hit Santos in the head while he was working on a truck, causing post-concussive syndrome. His workers' compensation claim was accepted, and he was treated for chronic migraine management through the end of 2020.

¶3        In January 2021, Santos began treatment with neurologist Dr. Luay Shayya, who diagnosed posttraumatic headaches leading to chronic migraines. In June 2021, Dr. Shayya concluded that Santos was medically stationary with a 5% permanent impairment. Dr. Shayya recommended supportive care but no work restrictions. In July 2021, based on an independent medical examination (IME) by neurologist Dr. J. Michael Powers, carrier Benchmark Insurance closed the claim without permanent impairment. Santos requested a hearing challenging that decision.

¶4        At that hearing, the parties agreed that Santos was medically stationary. The only disputed issues were whether he suffered permanent impairment and needed supportive care. Dr. Shayya testified that he based his permanent impairment rating on a questionnaire Santos completed called a Migraine Disability Assessment Test (MIDAS). MIDAS asks about how migraine headaches may interfere with a person's ability to function.

Dr. Shayya assigned the 5% permanent impairment based on Santos' MIDAS score. Dr. Shayya also testified that Santos had no work restrictions as long as he takes his current medications. Dr. Shayya opined Santos needs supportive care to manage those medications.

¶5 Dr. Powers testified that Santos has health problems, including diabetes and coronary artery disease, that significantly affect his condition. Based on his IME and record review, however, Dr. Powers could not find "anything leftover" from the 2017 industrial injury. He assessed Santos with chronic daily headaches that did not meet the criteria for migraines and stated that Santos' description of his headaches was not typical for migraines. He emphasized that Santos has used multiple drugs that should help with migraines. Finally, Dr. Powers pointed out that a 2019 neuropsychological evaluation showed that Santos "significantly" over-reported symptoms. Thus, Dr. Powers did not believe that the MIDAS score, which is the result of a self-reporting test, was a reliable assessment of impairment. He concluded that for a "general posttraumatic headache," he could find nothing "that would be fairly relatable to his industrial injury." Dr. Powers found no basis for a permanent impairment rating and no need for supportive care for the 2017 industrial injury.

¶6 Faced with this competing medical testimony, the ICA Administrative Law Judge (ALJ) issued an award that found Dr. Powers' opinions well-founded and "more probably correct." The ALJ concluded that Santos had no permanent impairment and required no supportive care. After an administrative review affirmed the award, Santos timely filed this special action. This court has jurisdiction under A.R.S. §§ 12-120.21(A)(2) and 23-951(A) and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

¶7 This court views the evidence in the light most favorable to upholding the award. *Avila v. Indus. Comm'n*, 219 Ariz. 56, 57 ¶ 2 (App. 2008). The ALJ has the primary responsibility to resolve conflicts in medical opinion evidence. *Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46 (1988). This court defers to the ALJ's resolution of conflicting evidence and affirms the ALJ's findings if any reasonable theory of evidence supports them. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398–99 (1975).

¶8 The burden of proof is on the injured worker to show that a claim should not be closed; specifically, that the medical condition resulting from the injury has not become stationary and that continuing benefits are necessary. *Stephens v. Indus. Comm'n*, 114 Ariz. 92, 94 (App. 1977). Because

Santos conceded that his condition had become stationary, he needed to show that he had a permanent impairment and needed supportive care. When an issue is peculiarly within the knowledge of medical doctors, medical testimony is necessary to prove it. *Rosarita Mexican Foods v. Indus. Comm'n*, 199 Ariz. 532, 535 (2001). When an injury is not apparent to a layperson, expert medical testimony must establish "not only the causal connection between a claimant's medical condition and the industrial accident but also the existence and extent of any permanent impairment." *Gutierrez v. Indus. Comm'n*, 226 Ariz. 1, 3 ¶ 5 (App. 2010), *aff'd in part*, 226 Ariz. 395 (2011). Where evidence conflicts or allows different inferences, the ALJ has the discretion to resolve those conflicts and choose either inference. *See Waller v. Indus. Comm'n*, 99 Ariz. 15, 18 (1965).

**¶9**　　　　Here, the ALJ considered two competing medical opinions. Santos has not shown that the ALJ's decision to give more weight to Dr. Powers' opinions was unreasonable or error. Dr. Power's opinion was based on the relevant evidence and his expertise. Santos disagrees with the weight the ALJ gave his evidence, but this court does not reweigh evidence on appeal. *See Simpson v. Indus. Comm'n*, 189 Ariz. 340, 342 (App. 1997). Instead, the question is whether the record supports the award. After a thorough review, the record supports the ALJ's award.

### CONCLUSION

**¶10**　　　　The ALJ's award is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:　AA

4