NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

MERCEDES ESPINOZA DE PATINO, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

GOURMET BOUTIQUE LLC, *Respondent Employer*,

PROPERTY & CASUALTY INS CO OF HARTFORD, *Respondent Carrier*.

No. 1 CA-IC 24-0007
FILED 12-19-2024

———————————————

Special Action - Industrial Commission
ICA Claim No. 20221330276
Carrier Claim No. Y3VC02703
The Honorable Colleen Marmor, Administrative Law Judge

**AFFIRMED**

———————————————

COUNSEL

Mercedes Espinoza de Patino, Buckeye
*Petitioner Employee*

Ritsema Law, Phoenix
By Meghann E. Fawcett
*Counsel for Respondent Employer/Carrier*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Vice Chief Judge Randall M. Howe joined.

---

**P E R K I N S,** Judge:

**¶1**          Mercedes Espinoza de Patino brings this statutory special action to review an Industrial Commission ("Commission") award denying her request for a hearing. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          Patino worked in the freezer section for Gourmet Boutique. Late one afternoon in May 2022, she fell and injured her knees at work. That same day, she visited a physician, who reported that Patino had bruising on both knees from the fall. Thereafter, Patino filed for workers' compensation benefits and Gourmet Boutique's insurance carrier, Property & Casualty Insurance Company of Hartford ("Carrier"), accepted the claim. Carrier informed Patino through a notice of claim status that it ended benefits effective June 2022, after a doctor found no lasting effects from the injury.

**¶3**          A few weeks later, Patino requested a hearing on the June notice of claim status. The Administrative Law Judge ("ALJ") held the hearing in October 2022 but Patino neither appeared nor submitted evidence for the ALJ to consider. The ALJ dismissed the request for hearing and took no further action.

**¶4**          Four months after the ALJ's ruling, Patino petitioned Carrier to reopen her claim; it did not and mailed Patino notice of its denial in March 2023. Patino claimed she never received this notice. Patino requested a hearing on the March denial 16 days past the statutory deadline to request a hearing.

**¶5**          The ALJ held a prehearing conference limited to determining whether Patino had a statutorily authorized excuse for her untimely filing. If unexcused, there could be no hearing. During the conference, the ALJ confirmed Carrier sent notice to the proper address. And Patino confirmed she had received all other mail and that she was the only one who used that mailbox.

**¶6** The ALJ denied the petition to reopen and, after Patino requested review, affirmed the award. At each stage of the proceeding, Patino requested recommencement of her workers' compensation benefits. On appeal to this court, Patino challenges the ALJ's award denying her petition to reopen the claim and renews her request for benefits. We have jurisdiction. A.R.S. §§ 12-120.21(A)(2) and 23-951(A) and Ariz. R. P. Spec. Act. 10.

**DISCUSSION**

**¶7** We review whether the ALJ abused her discretion in finding Patino's late filing unexcused. We consider evidence in the light most favorable to upholding the award. *Special Fund Div. v. Indus. Comm'n*, 252 Ariz. 267, 269, ¶ 6 (App. 2021). We will uphold the Commission's findings if supported by substantial evidence. *Malinski v. Indus. Comm'n*, 103 Ariz. 213, 216 (1968). We review questions of law *de novo. Western Millwork v. Indus. Comm'n*, 256 Ariz. 177, 180, ¶ 13 (App. 2023).

**¶8** A claimant has 90 days to request a hearing after the denial of a petition to reopen. A.R.S. § 23-947(A). An ALJ can excuse a late filing only if: (1) the claimant justifiably relies on a representation by the Commission, an employer, or a carrier; (2) the claimant suffered from insanity or legal incapacity; or (3) the claimant shows by clear and convincing evidence that she did not receive notice. A.R.S. § 23-947(B).

**¶9** Patino filed her request outside the 90-day window and the ALJ held a prehearing conference to determine whether the law excused her late filing. The ALJ considered Patino's testimony that she did not receive the March notice. But Patino's testimony did not provide clear and convincing evidence of a legal excuse. She had a separate mailbox and received all other claim correspondence at the same address. And she testified that no one had misrepresented anything to her and that she was not insane or legally incompetent around the time the Commission sent the notice. The ALJ found Patino's late filing unexcused on any of the three possible grounds and properly rejected her hearing request. The ALJ thus did not consider Patino's request for additional benefits, and neither can we. *Stephens v. Indus. Comm'n*, 114 Ariz. 92, 95 (1977) (we limit our review of the ALJ's decision "to the same matters which the [ALJ] could consider in [her] review of [her] own decision.").

## CONCLUSION

¶10        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    TM