NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

BELINDA AMENYA, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

MENTOR MANAGEMENT INC, *Respondent Employer,*

AIU INSURANCE CO, *Respondent Carrier.*

No. 1 CA-IC 24-0039
FILED 03-11-2025

Special Action - Industrial Commission
ICA Claim No. 20231730050
Carrier Claim No. 4A2301204Y4-0001
The Honorable Jeanne Steiner, Administrative Law Judge

**AFFIRMED**

COUNSEL

Belinda Amenya, Phoenix
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Ritsema Law, Phoenix
By Kelly F. Kruegel
*Counsel for Respondent Employer Carrier*

_____

**MEMORANDUM DECISION**

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Chief Judge David B. Gass and Vice Chief Judge Randall M. Howe joined.

_____

**F U R U Y A**, Judge:

¶1        Belinda Amenya appeals an Industrial Commission of Arizona ("ICA") award affirming the closure of her claim without permanent impairment. Because evidence supports the conclusion reached by the Administrative Law Judge ("ALJ"), we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Amenya worked for Mentor Management, Inc. as an assisted living caregiver in a group home on January 1, 2023, the date she was injured. While Amenya was working alone that day, a resident of the home attacked her from behind, hitting Amenya with a closed fist on her neck, upper right shoulder, and right arm. Amenya finished her shift alone without reporting the incident. The next day, she told her supervisor, who sent her to urgent care for treatment. She was treated with pain medication and physical therapy.

¶3        Six months later, the carrier, AIU Insurance Co., closed Amenya's claim with no permanent impairment. Amenya challenged the closure, and the ICA held a hearing.

¶4        Two medical expert witnesses testified, Drs. Collins and Farber. Dr. Collins, an orthopedic surgeon who started treating Amenya in May 2023, said a March 2023 MRI of Amenya's shoulder showed a "very low grade partial rotator cuff tear." Amenya continued to have pain. Even so, in July 2023 Dr. Collins diagnosed her with a rotator cuff strain and believed she had reached maximum medical improvement at that time.

¶5        Amenya obtained another MRI of her shoulder in August 2023, which showed the tear had grown larger. Amenya denied any shoulder re-injury after the initial March MRI, so Dr. Collins concluded the tear had worsened and related it to the January 2023 work injury. Because of the change in condition, he recommended surgical repair.

¶6        Dr. Adam Farber, also an orthopedic surgeon, performed an independent medical examination ("IME") in June 2023. His IME was the basis for AIU's claim closure. Dr. Farber concluded Amenya suffered a shoulder contusion in January 2023 that had resolved by June 2023. He testified he saw no tear in the March 2023 MRI. He described the "tear" as "interstitial tendinosis, which is pretty common as people get older." He also testified the August 2023 MRI showed only a "very small" change from March and he deemed that change insignificant. He also said rotator cuff tears are common as people get older. He concluded the MRI findings were "age-related degenerative" in nature, not "post-traumatic," and Amenya's shoulder condition was not related to the January 2023 work injury.

¶7        The ALJ considered the evidence and issued an award finding Dr. Farber's opinions were "more probably correct and well-founded." The ALJ determined Amenya had become medically stationary in May 2023 and had no permanent impairment. Amenya moved for reconsideration, and the ALJ affirmed the award. Amenya then brought this statutory special action. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(B), 23-951(A).

## DISCUSSION

¶8        We view the evidence in the light most favorable to upholding the award. *Avila v. Indus. Comm'n*, 219 Ariz. 56, 57 ¶ 2 (App. 2008). The ALJ is primarily responsible for resolving conflicts in medical opinion evidence. *Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46 (1988). We defer to the ALJ's resolution of these conflicts and will affirm the ALJ's findings if any reasonable theory of the evidence supports them. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398–99 (1975).

¶9        The injured worker bears the burden of proof to show that the condition has not become stationary, entitling the worker to continued benefits. *Stephens v. Indus. Comm'n*, 114 Ariz. 92, 94 (App. 1977). A condition is stationary when it reaches maximum medical improvement because "the physical condition of the employee resulting from the industrial injury has reached a relatively stable status so that nothing further in the way of medical treatment is indicated to improve that condition." *Aragon v. Indus. Comm'n*, 14 Ariz. App. 175, 176 (1971). When an issue is peculiarly within the knowledge of medical doctors, such as whether a medical condition is stationary, competent medical testimony must support a worker's claim the condition is not stationary. *Rosarita Mexican Foods v. Indus. Comm'n*, 199 Ariz. 532, 535–36 ¶ 12 (2001).

**¶10** Here, Dr. Collins opined that Amenya needed surgical treatment because of the January 2023 work injury. On the other hand, Dr. Farber testified Amenya's condition was degenerative and did not relate to the work injury. Where two inferences may be drawn from the evidence, the ALJ may choose either inference and we will not disturb that choice unless it is wholly unreasonable. *Waller v. Indus. Comm'n*, 99 Ariz. 15, 18 (1965).

**¶11** On appeal, Amenya reargues the evidence, insisting the ALJ should not have accepted Dr. Farber's opinion over Dr. Collins'. But she has not shown the ALJ choice was wholly unreasonable. Moreover, as we have noted, when facing two medical opinions, the ALJ may choose the medical opinion best accounting for the evidence presented. And we will not re-weigh evidence. *Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 608 ¶ 21 (App. 2000). Dr. Farber based his opinion on evidence submitted at the hearing. Thus, he provided competent expert testimony on which the ALJ could rely.

**CONCLUSION**

**¶12** We affirm the award.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR